OPINION OF THE COURT
 

 Memorandum.
 

 The order of the Appellate Division should be modified to provide that the judgment of Supreme Court, Rockland County, insofar as it directed respondent to issue a special permit to petitioner be modified by the addition thereto of the words “subject to such reasonable conditions and safeguards as respondent may impose” and, as so modified, should be affirmed, with costs.
 

 The classification of a particular use as a use permitted in a particular district subject to the granting of a special exception constitutes a legislative finding that if the special exception standards of the zoning ordinance are met the use accords with the general plan of the ordinance and will not adversely affect the neighborhood
 
 (Matter of Pleasant Val. Home Constr. v Van Wagner,
 
 41 NY2d 1028;
 
 Matter of North Shore Steak House v Board of Appeals,
 
 30 NY2d 238). The standards for issuance of such a permit may not, however, be so general or imprecise as to leave issuance of a permit to the unchecked discretion of the
 
 *894
 
 issuing authority
 
 (Matter of Tandem Holding Corp. v Board of Zoning Appeals,
 
 43 NY2d 801), and denial of such a permit on the basis of traffic congestion may well be arbitrary ábsent evidence that the proposed special permit use would have a greater impact on traffic than would other uses unconditionally permitted
 
 (Matter of Oyster Bay Dev. Corp. v Town Bd.,
 
 88 AD2d 978;
 
 RPM Motors v Gulotta,
 
 88 AD2d 658;
 
 Matter of Hobbs v Albanese,
 
 70 AD2d 1049).
 

 Petitioner, owner of a supermarket which was destroyed by fire, sought a special permit to replace the supermarket building with a building containing two retail stores and three mini-theatres with a total capacity of 700 seats. Under subdivision (k) of section 417 of the Code of Ordinances of the Village of Spring Valley a theatre is a special permit use, but section 418.01 deems such uses permitted uses subject to satisfaction of the standards set forth in section 418.04. The village board denied the permit without making specific findings, but in its answer to the petition relied upon subdivisions (a), (c) and (d) of section 418.04.
 

 The board’s denial of the permit is not supported by substantial evidence in the record. The parking proposed to be provided conforms to the requirement of the ordinance and although there was evidence that congestion might occur in the exit areas when a theatre let out, there was nothing to suggest that all three of them would let out at the same time, no evidence that such congestion as might exist would have a greater impact than unconditionally permitted uses, and nothing to relate the possible congestion to “the appropriate and orderly development of the district” as required by subdivision (a), “noise, fumes, vibration or flashing lights” as required by subdivision (c), or “safety” as required by subdivision (d). Here, as in the
 
 Pleasant Valley
 
 case, it appears that “petitioner’s application was denied not because of any objection peculiar to the proposed development, but because of community pressure” (41 NY2d, at p 1029). It was, therefore, properly annulled but because the board is authorized by the ordinance to impose reasonable conditions, the direction to issue the permits should have been subject to such reasonable conditions as it finds necessary to impose (cf.
 
 id.).
 

 
 *895
 
 Chief Judge Cooke and Judges Jasen, Jones, Wachtler, Meyer, Simons and Kaye concur.
 

 On review of submissions pursuant to section 500.4 of the Rules of the Court of Appeals (22 NYCRR 500.4), order modified in accordance with the memorandum herein and, as so modified, affirmed, with costs to petitioner-respondent.