■ In the Matter of IRENE BUITENKANT et al., Appellants, v PETER ROBOHM et al., Respondents.—In a proceeding pursuant to CPLR article 78 to review a determination of the Town Board of the Town of Pound Ridge, dated July 12, 1984, which denied the petitioners' application for a haulage permit, the petitioners appeal from a judgment of the Supreme Court, Westchester County (Walsh, J.), entered March 20, 1985, which dismissed the petition.

Judgment affirmed, without costs or disbursements.

Pursuant to Zoning Ordinance of the Town of Pound Ridge § 451, the Town Board reserved to itself the power to grant special use permits in connection with the excavation and removal of dredge spoilage by the owners of property within the town from their land. Where a legislative body such as a town board reserves to itself the power to grant special use permits, it need not set forth any standards to govern the exercise of its discretion *(see, Cummings v Town Bd.,* 62 NY2d 833, 834). The only limitation upon the exercise of this discretion is that it must not be arbitrary or capricious *(see, Cummings v Town Bd., supra,* at p 835). Thus, the fact that the standards governing the issuance of special use permits set forth in town Zoning Ordinance § 451.1 are general in nature does not require the invalidation of the determination of the Town Board made pursuant to that provision. Further, the fact that the Town Board did not make specific findings of fact in support of its determination does not invalidate its determination since it can be adequately ascertained from a review of the record that the decision to deny the petitioners' application for a haulage permit had a rational basis *(see, Matter of Zagoreos v Conklin,* 109 AD2d 281, 296; *Matter of Lemir Realty Corp. v Larkin,* 8 AD2d 970). Specifically, as the court of first instance correctly noted, there was substantial evidence in the record that the proposed special use by the petitioners did not conform with the standards set forth in town Zoning Ordinance § 451.1, because no special circumstances existed which would justify the proposed excavation and haulage of materials from the petitioners' property, and

the granting of the haulage permit would create a serious traffic hazard endangering the safety of the town's inhabitants *(see, Matter of Roginski v Rose,* 97 AD2d 417, *affd* 63 NY2d 735; *Brick Hill Constr. Corp. v Zoning Bd. of Appeals,* 74 AD2d 810, *affd* 53 NY2d 621). Mollen, P. J., Thompson, Brown and Rubin, JJ., concur.