■ In the Matter of C & B REALTY Co. et al., Respondents, v TOWN BOARD OF THE TOWN OF OYSTER BAY, Appellant.—In a proceeding pursuant to CPLR article 78 to review a determination of the Town Board of the Town of Oyster Bay, dated July 29, 1986, which denied the petitioners' application for a special use permit, the appeal is from a judgment of the Supreme Court, Nassau County (Yachin, J.), entered April 10, 1987, which, inter alia, annulled the determination and directed that the appellant issue the permit "subject to any reasonable conditions it deems necessary and appropriate".

Ordered that the judgment is affirmed, without costs or disbursements.

By supplemental petition dated on or about February 26, 1986, the petitioners submitted an application to the Town Board of the Town of Oyster Bay (hereinafter the board) seeking a special use permit to allow the construction, maintenance and occupancy of a Bennigan's restaurant in the Woodbury Plaza Shopping Center. The restaurant—in which a bar would be situated—was to have a proposed seating occupancy of 336 persons. Pursuant to the town's Code of Ordinances § 462, permitted uses in an "F" business district—where the Bennigan's restaurant would be operated—include, "[r]estaurants with a permitted occupancy of more than seventy-five (75) persons for the purpose of serving meals; bars, taverns, when permitted by the Town Board as a special exception after a public hearing".

After a public hearing at which the petitioners offered the testimony of an expert, who attested to the compatibility of the proposed use with the surrounding area, the board denied the application determining, inter alia, that the proposed use would: (1) adversely affect the reasonable and orderly use of adjacent properties, (2) interfere with the health, welfare and comfort of the area residents, (3) adversely affect property values, (4) create odors and noise and disturb, bother and aggravate nearby residents, (5) constitute "a hazard", and (6) would be incompatible with the "residential home owners in the area".

After the board rendered the foregoing determination, the petitioners commenced the instant proceeding pursuant to CPLR article 78 seeking to set aside the determination on the grounds that it was arbitrary, capricious and was unsupported by substantial evidence in the record. The Supreme Court granted the petition and annulled the board's determination, directing the board to grant the permit subject to the imposition of reasonable conditions calculated to minimize any alleged adverse impact upon the surrounding area. We affirm.

Where, as here, a legislative body reserves to itself the power to grant a special exception, it is free to consider matters related to the public welfare *(see, Cummings v Town Bd.,* 62 NY2d 833; 2 Anderson, New York Zoning Law & Practice § 24.13). "The only limitation upon the exercise of this discretion is that it must not be arbitrary or capricious" *(Matter of Buitenkant v Robohm,* 122 AD2d 791; *see, Cummings v Town Bd., supra).*

At bar, the stated grounds for the denial of the special use permit are contrary to the undisputed evidence adduced at the public hearing held on this matter. Specifically, there is absent evidence in the record supporting the board's determinations that "property values" would decline or that the health, welfare and comfort of the area residents would be threatened by the deleterious conditions identified by the board as allegedly incident to the operation of the Bennigan's restaurant. Further undermining the propriety of the board's determination in this regard is the existence of a prior environmental impact ruling, in which the board, by resolution dated November 26, 1985, specifically concluded, *inter alia,* that the "project is compatible with its surroundings" *(see, Knight v Amelkin,* 68 NY2d 975). Moreover, the lack of evidence to support these findings is not salvaged by the board's contentions that they were, in part, based upon the personal knowledge of its members inasmuch as the determination rendered contains only conclusory statements without supporting facts, thereby precluding judicial review *(see, Matter of Community Synagogue v Bates,* 1 NY2d 445, 454; *People ex. rel. Fordham Manor Refm. Church v Walsh,* 244 NY 280, 287; *Matter of Weidenhamer v Bundschuh,* 37 AD2d 720).

Additionally, certain of the board's findings which concluded that the proposed use would adversely affect the surrounding area and that it was not in accordance with the zoning plan, cannot sustain the denial of the permit. An ordinance which permits a special exception use in a particular zoning district is tantamount to a legislative finding that the use accords

with the zoning plan and that it will not adversely affect the surrounding area *(see, Matter of Lee Realty Co. v Village of Spring Val.,* 61 NY2d •892; *Matter of Pleasant Val. Home Constr. v Van Wagner,* 41 NY2d 1028). Finally, the board's determination appears to have been impermissibly based, in part, upon the generalized objections and concerns which were expressed by members of an adjoining residential neighborhood *(Matter of Huntington Health Care Partnership v Zoning Bd. of Appeals,* 131 AD2d 481, *lv denied* 70 NY2d 613; *Matter of Sullivan v Town Bd.,* 102 AD2d 113; *Green v Lo Grande,* 96 AD2d 524, *appeal dismissed* 61 NY2d 758).

In light of the foregoing, the board's denial of the permit was arbitrary and capricious *(see, Matter of Lee Realty Co. v Village of Spring Val., supra,* at 894) and, accordingly, the Supreme Court properly directed it to grant the permit subject to the imposition of reasonable conditions to minimize any adverse impact upon the surrounding area *(see, Matter of North Shore Steak House v Board of Appeals,* 30 NY2d 238; *Matter of Old County Burgers Co. v Town Bd.,* 127 AD2d 772). Bracken, J. P., Lawrence, Rubin and Kooper, JJ., concur.