■ In the Matter of DAVID H. PENTKOWSKI et al., Respondents, v NEIL WEINER et al., Constituting the Zoning Board of Appeals of the Town of Clifton Park, Appellants.—Levine, J. Appeal from a judgment of the Supreme Court (Brown, J.), entered September 12, 1988 in Saratoga County, which granted petitioners' application, in a proceeding pursuant to CPLR article 78, to annul a determination of the Zoning Board of Appeals of the Town of Clifton Park denying petitioners' request for a special use permit.

Petitioners are two attorneys engaged in the practice of law in the Town of Clifton Park, Saratoga County. Petitioners contracted to purchase a single-family house located at 2 Crestmont Drive for the purpose of using the premises as their law office. The property is located at the corner of State Route 146 and Crestmont Drive, and is part of the Northcrest housing development. This area is zoned as an R-1 residential district, which allows a professional building containing law offices if a special use permit is obtained (Clifton Park Town Code § 208-79 [A]). The lot is approximately 250 feet by 170 feet, having recently lost 20 feet from the southern border of the property as the result of the State's expansion of Route 146 to a four-lane highway. Adjoining the parcel to the east is Clifton Chiropractic Center, a professional office building. North of the property is a single-family residence and to the west is Crestmont Drive with another residence across the street.

Petitioners applied to the Zoning Board of Appeals of the Town of Clifton Park (hereinafter respondent) for a special use permit and three hearings were held to consider the application. In support of their application, petitioners stated that the office would be occupied by three attorneys and four support staff during normal business hours and that, based on their present practice, they would expect to see an average of three clients per day. Petitioners further stated that they did not intend to alter the residential appearance of the building. Their plans did call for the removal of the driveway from its present location and the installation of a parking lot for 11 cars on the side yard north of the building and a second four-car lot for staff to the rear of the building.

A number of residents of the Northcrest development were present at the hearings to object to the proposed use on the grounds that it would increase traffic through the development and that it would detract from the residential character of the neighborhood. Both sides presented real estate experts who gave their opinions as to the suitability of this location for a professional building and the effect it would have on the property values of the nearby residences. At the conclusion of the hearings respondent denied petitioners' application on the ground that the proposed use would detract from the residential character of the neighborhood.

Petitioners commenced a CPLR article 78 proceeding challenging respondent's decision denying their application. Supreme Court granted the petition, annulled the determination

and directed that a special use permit be issued to petitioners. This appeal by respondent ensued.

On appeal, respondent contends that Supreme Court erred in granting the petition since its determination is supported by substantial evidence. Specifically, respondent relies on evidence adduced at the hearings which indicated that the professional building would result in a diminution in residential property values in the Northcrest development and that the off-street parking area would be inconsistent with preserving the general character of the neighborhood. According to respondent, both factors justified denial of the special use permit pursuant to Clifton Park Town Code § 208-83 (B) (2) and (8).

In support of its finding that the proposed use would adversely affect the property values of the nearby residences, respondent relies on the testimony of Richard Singerle, a real estate appraiser who appeared on behalf of the Northcrest homeowners. Singerle's opinion was, in essence, that use of the house at 2 Crestmont Drive for *anything* other than a residence would have a negative impact on the property values of the residential area and, thus, should be forbidden. Furthermore, Singerle failed to state why the particular use proposed by petitioners would be inappropriate at this location. In our view, his testimony amounts to nothing more than a general objection to nonresidential uses in the Northcrest development, which runs contrary to the zoning plan which permits such uses *(see, Matter of Major v Cohen,* 126 AD2d 205, 209; *Green v Lo Grande,* 96 AD2d 524, 525, *appeal dismissed* 61 NY2d 758). Hence, we conclude that respondent's finding of adverse impact was not supported by substantial evidence.

Respondent's other contention, that the parking lot proposed by petitioners would detract from the general character of the neighborhood, must also be rejected. The Town Code demonstrates that off-street parking incidental to a permitted business use is contemplated as part of the zoning scheme *(see,* Clifton Park Town Code § 208-83 [B] [8]). This constitutes a legislative finding that the existence of such parking areas is consistent with the general character of the neighborhood *(see, Matter of Lee Realty Co. v Village of Spring Val.,* 61 NY2d 892, 893; *Matter of Major v Cohen, supra,* at 209). Since respondent's determination that the proposed parking lot was unacceptable is not based on any specific findings that landscaping or screening would be inadequate to shield the parking area from the nearby residential properties, it also

amounts to a general objection to an activity in an area zoned to permit it *(see, Matter of Lee Realty Co. v Village of Spring Val., supra,* at 894; *Matter of Major v Cohen, supra).*

We also observe that, in considering petitioners' application, respondent erroneously identified the affected area only as the Northcrest development and failed to consider the present uses of other properties along Route 146, which are predominantly commercial in nature. As the map prepared by the Town Planning Department demonstrates, two professional buildings are located just east of the parcel at issue on Route 146. A podiatrist's office, Clifton Corporate Woods and an animal hospital are located on the south side of Route 146 in the immediate vicinity of Crestmont Drive. On the block west of Crestmont on Route 146 there is a residence, an optical shop and a church. Based on the foregoing, we agree with Supreme Court's conclusion that respondent acted in an arbitrary and capricious manner when it denied petitioners a special use permit on the ground that the professional building would detract from the general character of the neighborhood.

Judgment affirmed, with costs. Casey, J. P., Mikoll, Yesawich, Jr., Levine and Mercure, JJ., concur.