■ In the Matter of TEXACO REFINING & MARKETING, INC., Appellant, v JOHN A. VALENTE, as Chairman of the Zoning Board of Appeals of the City of New Rochelle, et al., Respondents.—In a proceeding pursuant to CPLR article 78 to review a determination of the respondent Zoning Board of Appeals of the City of New Rochelle, dated May 9, 1989, which, after a hearing, denied the petitioner's application for a special use permit and an area variance, the petitioner appeals from a judgment of the Supreme Court, Westchester County (West, J.), entered October 27, 1989, which dismissed the proceeding.

Ordered that the judgment is modified, on the law, without costs or disbursements, the petition is granted and the determination is annulled to the extent that the matter is remitted to the respondent Zoning Board of Appeals of the City of New Rochelle for the purpose of issuing the special use permit requested by the petitioner, subject to appropriate conditions,

the portion of the determination which denied an area variance is confirmed and the petition is otherwise denied.

The petitioner is the owner in fee simple of the property located at 1451 Weaver Street in the City of New Rochelle. There is a full-service gasoline station on the property. By application dated September 23, 1988, the petitioner applied to the respondent Zoning Board of Appeals of the City of New Rochelle (hereinafter the Board) for a special use permit allowing it to install self-service pumps and to create a convenience store in the building already existing on the property. The petitioner also requested an area variance to permit it to install a canopy over the self-service area, the proposed canopy having less than the statutorily required 30 foot setback from the street line. After a public hearing on the matter was held, the Board adopted a resolution denying the petitioner's application in its entirety. The petitioner then brought the instant proceeding pursuant to CPLR article 78. The Supreme Court dismissed the proceeding, finding that the denials had a rational basis and were supported by substantial evidence.

The Board based the denial of the special use permit on its finding that the proposed use would increase traffic congestion. The Board also noted that the proposed 24-hour operation of the new gas station would be totally out of character with the neighborhood.

Unlike a variance, a special use permit does not involve a use of property forbidden by the zoning ordinance but instead constitutes a recognition of a use which the ordinance permits under stated conditions (see, Matter of North Shore Steak House v Board of Appeals, 30 NY2d 238, 243). A reviewing board is required to grant the special use permit unless there are reasonable grounds for denying it (see, Matter of Carrol's Dev. Corp. v Gibson, 53 NY2d 813).

In this case the material findings of the Board are not supported by substantial evidence. The finding that the proposed use would result in undue traffic congestion is arbitrary since there was no evidence on this record that the proposed use would have a greater impact on traffic than would other uses unconditionally permitted (see, Matter of Lee Realty Co. v Village of Spring Val., 61 NY2d 892; Matter of Huntington Health Care Partnership v Zoning Bd. of Appeals, 131 AD2d 481). Additionally, there was no evidence that the proposed 24-hour operation would disturb the comfort and repose of the local residents (see, Matter of Old Court Intl. v Gulotta, 123 AD2d 634). The Board's determination to deny the petitioner the special use permit appears to have been impermissibly

based upon the generalized objections and concerns which were expressed by members of the community. Accordingly, the denial of the permit was an abuse of its discretion and must be annulled (see, Matter of C&B Realty Co. v Town Bd., 139 AD2d 510).

However, we find that the Board's determination to deny the petitioner's application for an area variance was supported by substantial evidence in the record and was not illegal, arbitrary, or an abuse of discretion (see, Matter of Fuhst v Foley, 45 NY2d 441). First, the petitioner failed to establish that it would suffer economic injury if the area variance were denied. That a self-service station might operate more profitably if a canopy covered the self-service area so as to protect customers, for example, in inclement weather, is insufficient to warrant granting the petitioner's application (see, Matter of Iannucci v Casey, 140 AD2d 343). Moreover, the magnitude of the desired variance is great. The petitioner sought a three-foot setback from the street line although the ordinance requires a 30-foot setback. Lastly, the petitioner did not submit any proof that the self-service station could not operate without a canopy or that it could not continue to operate a full-service gas station for which there would be no need for a canopy to protect customers (see, e.g., Matter of Bennett v Board of Review, 158 AD2d 520). Under these circumstances, the Board's determination to deny the area variance is confirmed. Thompson, J. P., Bracken, Eiber and Rosenblatt, JJ., concur.