■ In the Matter of NATHAN L. SEROTA, Petitioner, v TOWN

BOARD OF THE TOWN OF OYSTER BAY, Respondent. [595 NYS2d 525] —Proceeding pursuant to CPLR article 78 to review a determination of the Town Board of the Town of Oyster Bay dated October 8, 1991, which, after a hearing, denied the petitioner's application for a special use permit.

Ordered that the matter is remitted to the respondent to make findings as to whether the petitioner's proposed use of the property would have a greater impact on traffic than would other uses unconditionally permitted, and the proceeding is held in abeyance in the interim; the respondent is to file its report with all convenient speed.

The respondent Town Board denied the petitioner's application for a special use permit in order to operate a retail shopping center at a site zoned for "light industry". A special use permit involves a use which is permitted by the zoning ordinance under stated conditions, and a reviewing board is required to grant the permit unless there are reasonable grounds for denying it (see, Matter of Lee Realty Co. v Village of Spring Val., 61 NY2d 892; Matter of Texaco Ref. & Mktg. v Valente, 174 AD2d 674). The record of the hearing before the Town Board demonstrates that its major concern was the projected negative impact of the shopping center upon the already congested traffic conditions in the area, and the evidence submitted at the hearing was sufficient to establish such a negative impact. However, the denial of a special use permit on the basis of traffic congestion may be arbitrary and capricious unless the evidence establishes that the proposed use would have a greater impact on traffic than would other unconditionally permitted uses (see, Matter of Lee Realty Co. v Village of Spring Val., supra; Matter of Texaco Ref. & Mktg. v Valente, supra). The Town Board's decision denying the permit did not include a determination as to whether the evidence established that the petitioner's proposed use of the property would have a greater impact on traffic than other unconditionally permitted uses. In order to facilitate judicial review, the matter is remitted to the Town Board to make findings on this issue, and the proceeding is held in abeyance in the interim (cf., Matter of James H. Maloy, Inc. v Zoning Bd. of Appeals, 168 AD2d 874; Matter of Morrone v Bennett, 164 AD2d 887; Leibring v Planning Bd., 144 AD2d 903).

We note that the Supreme Court, Nassau County, should have disposed of this case on the merits rather than transferring it here (see, Town Law § 267 [7]). However, in the interest of judicial economy, we shall retain jurisdiction over the case

*(see, Matter of EAB Realty Co. v Galante,* 156 AD2d 448). Mangano, P. J., Sullivan, Balletta and O'Brien, JJ., concur.