■ In the Matter of ERNEST MARKOWITZ, Appellant, v TOWN BOARD OF THE TOWN OF OYSTER BAY et al., Respondents. [606 NYS2d 705] —In a proceeding pursuant to CPLR article 78 to review a determination of the Town Board of the Town of Oyster Bay, dated July 10, 1990, which denied the petitioner's application for a special use permit, the petitioner appeals from a judgment of the Supreme Court, Nassau County (McCabe, J.), entered April 23, 1991, which denied the petition and dismissed the proceeding.

Ordered that the judgment is reversed, on the law, without costs or disbursements, the determination is annulled, and the matter is remitted to the Town Board of the Town of Oyster Bay for the purpose of issuing the special use permit requested by the petitioner, subject to the conditions set forth in a letter from Kevin J. O'Brien to Paul Firestein dated April 30, 1990.

The petitioner is the owner of a parcel of real property located on the southeast corner of Old Country Road and Grohmans Lane in the Town of Oyster Bay. A full-service gasoline station is operated on the property, which is located in an "F Business District". In 1989 the petitioner and Amoco Oil Company applied to the respondent Town Board of the Town of Oyster Bay (hereinafter the Board) for a special use permit, seeking permission to (1) raze and rebuild the existing gasoline station, (2) construct and operate a convenience store in conjunction with the gasoline station, and (3) "to continue to operate" between the hours of 10:30 P.M. and 6:30 A.M. After a public hearing on the matter was conducted, the Board adopted a resolution denying the petitioner's application in its entirety. The Board determined, *inter alia,* that the proposed use would: (1) "adversely influence the flow of traffic as well as jeopardize the safety of drivers and occupants of motor vehicles and pedestrians in light of the difficulty in safely negotiating turns to enter or exit the subject premises",

(2) "adversely affect the general appearance and be incompatible with the residential character of the general area", (3) saturate an area "already congested with convenience store type uses", and (4) "result in an appreciable reduction in the market value of properties in the general area".

After the Board rendered the foregoing determination, the petitioners commenced the instant proceeding pursuant to CPLR article 78 to set aside the determination on the grounds that it was arbitrary and capricious, and not supported by substantial evidence. Despite concluding that "some of [the Board's] findings with respect to the potential adverse effect of the proposed uses upon the surrounding area might lack substantial evidentiary support", the Supreme Court sustained the Board's determination on the ground that there was a "proper basis" for its finding that "the nearby area is already congested with convenience store type uses". We reverse.

It is axiomatic that in reviewing the denial of a special use permit, this Court's function is to ensure that the discretion exercised by the local body was not arbitrary and capricious and supported by substantial evidence (see, Matter of C & B Realty Co. v Town of Oyster Bay, 139 AD2d 510; Matter of Buitenkant v Robohm, 122 AD2d 791). In this case, the material findings of the Board are not supported by substantial evidence. The record is devoid of any indication that development of the subject parcel in the manner intended will "jeopardize the safety of drivers and occupants of motor vehicles". Moreover, the evidence does not establish that the proposed use would have a greater impact upon traffic than would other unconditionally-permitted uses (see, Matter of Serota v Town of Oyster Bay, 191 AD2d 700). Similarly, there is no evidentiary support in the record for the Board's conclusion that the proposed use "would result in an appreciable reduction in the market value of properties in the general area". Furthermore, given the "F Business District" designation of the subject parcel, its location on a main, four-lane thoroughfare and the fact it is completely surrounded by commercial properties, we find no basis in the record for the Board's determination that the proposed use would "be incompatible with the residential character of the general area". Contrary to the conclusion reached by the Supreme Court, the record does not contain substantial evidence to support the Board's determination that "the nearby area is already congested with convenience store type uses". Indeed, the record contains neither testimonial nor documentary evidence to support this finding. The sole reference to this issue was made by a Board member who merely

remarked that there were a number of such establishments in an area of unspecified dimension. Given the ambiguous nature of the Board member's comment, we find that this comment, by itself, does not constitute substantial evidence (see, Matter of Old Ct. Intl. v Gulotta, 123 AD2d 634, 635). Even if there had been substantial evidence to support the finding, this, by itself, would not be sufficient to deny the permit.

We find, therefore, that the Board's determination was impermissibly based upon the generalized, and ultimately refuted, objections expressed by members of a nearby residential neighborhood (see, Matter of Texaco Ref. & Mktg. v Valente, 174 AD2d 674; Matter of C & B Realty Co. v Town of Oyster Bay, supra). In light of the foregoing, we conclude that the Board's denial of the petitioner's permit application was arbitrary and capricious, and must be annulled.

However, we find that the conditions agreed to by the parties and set forth in a letter from Kevin J. O'Brien to Paul Firestein dated April 30, 1990, are an appropriate restriction upon the permit. Mangano, P. J., Balletta, Santucci and Hart, JJ., concur.