■ In the Matter of J.P.M. PROPERTIES, INC., et al., Appellants, v TOWN OF OYSTER BAY et al., Respondents. [612 NYS2d 634] —In a proceeding pursuant to CPLR article 78 to review a determination of the Town Board of the Town of Oyster Bay, dated June 18, 1991, which, after a hearing, denied the petitioners' application for a special use permit, the petitioners appeal from a judgment of the Supreme Court, Nassau County (Robbins, J.), dated January 24, 1992, which dismissed the proceeding.

Ordered that the judgment is reversed, on the law, without costs or disbursements, the petition is granted, and the determination is annulled to the extent that the matter is remitted to the Town Board of the Town of Oyster Bay for the purpose of issuing the special use permit requested by the petitioners, subject to appropriate conditions.

The petitioners operate a warehouse and related business concerned with the acquisition, stocking, and selling of soil, sand, gravel, and other building materials at 292 Duffy Avenue, Hicksville. The petitioners' business is situated in an "H" Industrial Zone, across the street from an "E" Residential District. Although the petitioners' business qualifies as a permitted use in an "H" Industrial Zone, the Town of Oyster Bay Code provides that the municipality may prohibit, or require a special permit to continue, otherwise permitted industries that produce "dust, odor, gas, fumes, noise and

vibration comparable in character or in [the] aggregate amount to that of any use listed as a special permit use or as a prohibited use" (Town of Oyster Bay Code § 507 [a], [b]; § 508 [r]). Following the filing of various complaints and the issuance of a summons and assorted violations against them, the petitioners applied for a special use permit. After a public hearing on the matter was held, the Town Board adopted a resolution denying the petitioners' application. The petitioners then brought the instant proceeding pursuant to CPLR article 78. The Supreme Court dismissed the proceeding, finding that the Board had "acted in a rational and reasonable manner after duly considering the facts before it and the evidence presented".

Normally, a reviewing board is required to grant a special use permit unless there are reasonable grounds for denying it *(see, Matter of Carrol's Dev. Corp. v Gibson,* 53 NY2d 813). The burden of proof on an applicant for a special permit is much lighter than that for a variance, for example, and requires only a showing that the use complies with the conditions imposed to minimize the impact of a legislatively-authorized use on the surrounding area *(see, Matter of Carrol's Dev. Corp. v Gibson, supra; see also, Matter of North Shore Steak House v Board of Appeals,* 30 NY2d 238, 243-244).

We find that many of the Board's material findings are not supported by substantial evidence. For example, the Town Board's finding that "[t]he granting of this application would impede future efforts to harmonize and stabilize the general use and character of the area, and would not be in keeping with the aesthetic objective purposes and intent of the comprehensive zoning plan of the Town of Oyster Bay", is entirely improper, is unsupported by any evidence adduced at the hearing, and is in conflict with the actual zoning of the property at issue *(see, Matter of Old Ct. Intl. v Gulotta,* 123 AD2d 634; *Matter of New York Tennis Assocs. v Town of Vestal,* 97 AD2d 899). There is similarly no evidence that "the subject parcel is plagued with a history of zoning violations", or that it was "in a state of disrepair". We further note that the Town presented no expert testimony or scientific evidence to support its contention that the noise, traffic, and fumes produced by the petitioners' business exceeded those generated by neighboring industries, or those likely to be produced by the petitioners' lawful replacement in this "H" Industrial Zone *(see, Matter of Lee Realty Co. v Village of Spring Val.,* 61 NY2d 892; *RPM Motors v Gulotta,* 88 AD2d 658). To the extent that the Town has established, through citizens' com-

plaints, that the number and size of the petitioners' vehicles cause traffic congestion and unsightly parking, while their early morning departure creates excessive noise, light, and fumes, the petitioners have indicated their willingness to agree to reasonable conditions to minimize the impact of these factors on the surrounding community *(see, Matter of Old Ct. Intl. v Gulotta, supra)*.

We therefore remit this matter to the Town Board of the Town of Oyster Bay for the purpose of issuing the special use permit requested by the petitioners, subject to appropriate conditions *(see, Matter of Lee Realty Co. v Village of Spring Val., supra; Matter of Texaco Ref. & Mktg. v Valente,* 174 AD2d 674; *cf., Matter of Tandem Holding Corp. v Board of Zoning Appeals,* 43 NY2d 801). Bracken, J. P., Copertino, Altman and Friedmann, JJ., concur.