◼ In the Matter of C.B.H. Properties, Inc., Appellant, v Henry W. Rose et al., Respondents. [613 NYS2d 913] —In a proceeding pursuant to CPLR article 78 to review a determination of the respondent Board of Zoning Appeals of the Town of Hempstead, dated October 24, 1990, which, after a hearing, (1) denied the petitioner's application to renew a special permit to operate a cabaret, and (2) dismissed the petitioner's application to renew an off-street parking variance in connection therewith, the appeal is from a judgment of the Supreme Court, Nassau County (Lockman, J.), entered November 19, 1992, which confirmed the determination and dismissed the proceeding.

Ordered that the judgment is reversed, on the law, without costs or disbursements, the petition is granted, the determination is annulled, and the matter is remitted to the Board of Zoning Appeals of the Town of Hempstead for the purposes of (1) issuing the special exception permit requested by the petitioner, subject to appropriate conditions and restrictions as the Board of Zoning Appeals of the Town of Hempstead may find necessary, and (2) determining on the merits the petitioner's renewal application with respect to the off-street parking variance.

Contrary to the determination of the Supreme Court, we find that the contemplated use was in conformance with the statutory preconditions for issuance of special exception permits, and the denial of the petitioner's application for renewal of its permit was not supported by "substantial evidence".

The classification of a "special permit" or "special exception" is tantamount to a legislative finding that, if the special permit or exception conditions are met, the use will not adversely affect the neighborhood and the surrounding areas *(see, Matter of Lee Realty Co. v Village of Spring Val.,* 61 NY2d 892; *Matter of North Shore Steak House v Board of Appeals,* 30 NY2d 238; *Matter of C & B Realty Co. v Town Bd.,* 139 AD2d 510; *Matter of Old Ct. Intl. v Gulotta,* 123

AD2d 634). Although there is no entitlement to a special permit or exception, once the petitioner shows that the contemplated use is in conformance with the conditions imposed, the special permit or exception must be granted unless there are reasonable grounds for denying it that are supported by "substantial evidence" *(see, Matter of Carrol's Dev. Corp. v Gibson,* 53 NY2d 813; *Matter of C & A Carbone v Holbrook,* 188 AD2d 599; *Matter of Texaco Ref. & Mktg. v Valente,* 174 AD2d 674).* Moreover, while a zoning board is free to consider matters related to the public welfare in determining whether to grant or deny a special exception or permit *(see, Cummings v Town Bd.,* 62 NY2d 833; *Matter of C & B Realty Co. v Town Bd., supra),* it is impermissible to deny a special exception or permit solely on the basis of generalized objections and concerns of the neighboring or adjoining community expressed by members thereof, which, in effect, amount to "community pressure" *(see, Matter of Lee Realty Co. v Village of Spring Val., supra; Matter of Texaco Ref. & Mktg. v Valente, supra; Matter of C & B Realty Co. v Town Bd., supra; Matter of Old Ct. Intl. v Gulotta, supra).*

Contrary to the determination of the respondents, the testimony and evidence submitted by community residents with respect to the effect the operation of the cabaret had on the surrounding neighborhood, particularly in connection with the use by cabaret's patrons of a Town-owned parking field located across the street therefrom, was insufficient to sustain a determination that the operation of the cabaret, in and of itself, was the primary source of the noise, disturbances, trespassing, and littering with which the residents voiced displeasure *(see, Matter of Lee Realty Co. v Village of Spring Val. supra; see, e.g., Matter of Texaco Ref. & Mktg. v Valente, supra; Matter of C & B Realty Co. v Town Bd., supra; Matter of Old Ct. Intl. v Gulotta, supra; cf., Matter of Pleasant Val. Home Constr. v Van Wagner,* 41 NY2d 1028; *Matter of Penny Arcade v Town Bd.,* 75 AD2d 620).* There was evidence that noise and vibrations emanating from the cabaret posed somewhat of a disturbance to residents of dwellings located adjacent to the Town-owned parking field. However, the respondents are empowered to impose reasonable conditions to minimize disturbances which are both directly associated with and incidental to the operation of the cabaret, to ensure the comfort, peace, enjoyment, health and safety of the surrounding area *(see, Matter of St. Onge v Donovan,* 71 NY2d 507, 515-516; *Matter of Pearson v Shoemaker,* 25 Misc 2d 591, 592; *see also,* Building Zone Ordinance of Town of Hempstead § 267 [D]

[3]). Accordingly, we reverse the judgment, annul the respondents' determination as to the special exception permit, and remit the matter to the respondents for the purpose of issuing the special exception permit requested, subject to appropriate conditions and restrictions as it may find necessary.

We note that since the respondents dismissed the petitioner's application to renew the off-street parking variance as "academic" in light of its erroneous determination, upon remittal, they shall render a determination on the merits with respect to this application. Thompson, J. P., Rosenblatt, Miller and Ritter, JJ., concur.