■ In the Matter of TWIN COUNTY RECYCLING CORP., Respondent, v LOUIS YEVOLI et al., Appellants. [639 NYS2d 392] —In a proceeding pursuant to CPLR article 78 to review a determination of the Town Board of the Town of Oyster Bay dated August 3, 1993, which, after a hearing, denied the petitioner's application for renewal of a special use permit, the appeal is from a judgment of the Supreme Court, Nassau County (DiNoto, J.), entered October 17, 1994, which annulled the determination and directed the Town Board of the Town of Oyster Bay to grant the petitioner's application for renewal of the permit.

Ordered that the judgment is affirmed, with costs.

Normally, a reviewing board is required to grant a special use permit unless there are reasonable grounds for denying it (*see, Matter of Carrol's Dev. Corp. v Gibson*, 53 NY2d 813). Unlike a variance, which allows the use of property in a manner otherwise prohibited by a zoning ordinance, a special use permit authorizes the use of property in a manner expressly permitted by the zoning ordinance under stated conditions (*see, Matter of North Shore Steak House v Board of Appeals*, 30 NY2d 238; *Matter of Orange & Rockland Utils. v Town Bd.*, 214 AD2d 573; *Matter of J.P.M. Props. v Town of Oyster Bay*, 204 AD2d 722). The classification of a use as one that is permitted in a particular district subject to the granting of a permit is tantamount to a legislative finding that, if the conditions of the zoning ordinance are met, the proposed use is compatible with the standards and objectives of the zoning ordinance and will not adversely affect the neighborhood and the surrounding areas (*see, Matter of Lee Realty Co. v Village of Spring Val.*, 61 NY2d 892; *Matter of North Shore Steak House v Board of Appeals, supra; Matter of Orange & Rockland Utils. v Town Bd., supra*). Moreover, an applicant who applies for a special use permit has a much lighter burden of proof than an applicant who applies for a variance (*see, Matter of Carrol's Dev. Corp. v Gibson, supra*).

We agree with the Supreme Court that the findings of the Town Board of the Town of Oyster Bay (hereinafter the Town Board) are not supported by substantial evidence. At the hearing held before the Town Board, the Town of Oyster Bay presented no expert testimony or scientific evidence to support its contention that the odor, dust, and noise, among other things, produced by the petitioner's asphalt recycling plant exceed those produced by neighboring industries or those likely to be produced by the petitioner's lawful replacement (*see, Matter of J.P.M. Props. v Town of Oyster Bay, supra*, at 723). Moreover,

while the Town Board is free to consider matters related to the public welfare in determining whether to grant or deny a special use permit (*see, Cummings v Town Bd.,* 62 NY2d 833), it may not deny the permit solely on the basis of generalized objections and concerns of the neighboring or adjoining community which, in effect, amount to community pressure (*see, Matter of Orange & Rockland Utils. v Town Bd., supra,* at 574-575; *Matter of Lee Realty Co. v Village of Spring Val., supra*). Bracken, J. P., Balletta, Thompson and Hart, JJ., concur.