In the Matter of NORMAN L. CHERNICK, Respondent, v PETER McGOWAN, as Supervisor of the Town of Islip, et al., Appellants. [656 NYS2d 392] —In a proceeding pursuant to CPLR article 78 to review a determination of the Town Board of the Town of Islip, dated April 21, 1994, which, after a hearing, denied the petitioner's application for a special use permit for a medical center, the appeal is from a judgment of the Supreme Court, Suffolk County (Rohl, J.), entered February 21, 1996, which granted the petition, annulled the determination, and directed the respondents to approve the application.

Ordered that the judgment is affirmed, with costs.

In 1985, the petitioner, a neurologist, purchased a house containing a small dental office in Bay Shore, Long Island, and began operating his neurological practice out of the office. As his practice grew, he eliminated all residential use of the house in favor of his expanding medical practice. He created additional parking and provided increased access to the office by opening a right of way in the southern portion of his property.

Subsequently, the petitioner applied to the Town for a special use permit to legalize the existing use of his property. The Town planning board recommended approval of the permit on condition that the petitioner accept 25 restrictions on the operation of his practice. The petitioner rejected the planning board's restrictions and instead suggested an alternative plan. At a public hearing, the petitioner produced three expert witnesses who discussed the potential impact of his plans on the neighboring residential community and the benefits to be obtained therefrom. The Town planner and several neighboring residents also testified in opposition to the petitioner's proposals. The Town Board denied the petitioner's request for a special use permit.

The petitioner commenced this article 78 proceeding 118 days after the resolution of the Town Board denying the application was adopted. The appellants Town and Town Board moved to dismiss the proceeding as untimely since it was not commenced within the 30-day Statute of Limitations contained

in Town Law § 274-b (9). In an order dated December 2, 1994, the Supreme Court denied the appellants' motion. In so doing, the Supreme Court held that the 30-day Statute of Limitations in Town Law § 274-b (9) was not applicable, inasmuch as the Town Board did not delegate its authority to grant the special use permit. The Supreme Court correctly concluded that the applicable limitations period in this case was the four-month period in CPLR 217 and not the 30-day period in Town Law § 274-b (see, Islip Town Code § 68-272; see also, Matter of Sucato v Town Bd., 187 AD2d 1045; Engert v Phillips, 150 AD2d 752). Thus, this proceeding was timely commenced.

The Supreme Court correctly determined that the Town Board's denial of the special use permit was arbitrary and capricious. The special use exception is "tantamount to a legislative finding that the permitted use is in harmony with the general zoning plan and will not adversely affect the neighborhood" (Matter of North Shore Steak House v Board of Appeals, 30 NY2d 238, 243). When the Town Board or other legislative body reserves to itself the power to grant special exceptions, "grant or denial of the permit is left to the 'untrammeled, but of course not capricious discretion' of the Board" (Cummings v Town Bd., 62 NY2d 833, 835, quoting Matter of Larkin Co. v Schwab, 242 NY 330, 335). While the Town Board is free to consider matters relating to the public welfare in determining whether to grant or deny a special exception or permit (see, Cummings v Town Bd., supra), it is impermissible to base the denial solely on the generalized objections and concerns of neighboring community members (see, Matter of Lee Realty Co. v Village of Spring Val., 61 NY2d 892; Matter of C & B Realty Co. v Town Bd., 139 AD2d 510). Furthermore, the testimony of the Town planner was uncorroborated by empirical data or expert opinion and thus was insufficient to counter the compelling evidence submitted by the petitioner's experts (see, Matter of Framike Realty Corp. v Hinck, 220 AD2d 501).

Accordingly, the Supreme Court properly annulled the Town Board's determination since it was arbitrary and capricious and not supported by substantial evidence (see, Matter of Lee Realty Co. v Village of Spring Val., 61 NY2d 892, supra; Matter of C.B.H. Props. v Rose, 205 AD2d 686; Matter of Markowitz v Town Bd., 200 AD2d 673; Matter of C & A Carbone v Holbrook, 188 AD2d 599; Matter of C & B Realty Co. v Town Bd., supra). Rosenblatt, J. P., Miller, Thompson and Friedmann, JJ., concur.