■ In the Matter of ELEANOR LERNER et al., Respondents, v TOWN BOARD OF THE TOWN OF OYSTER BAY et al., Appellants. [663 NYS2d 661] —In a proceeding pursuant to CPLR article 78 to review a determination of the Town Board of the Town of Oyster Bay dated October 5, 1993, which, after a hearing, denied an application for a special use permit, the Town Board of the Town of Oyster Bay and the Town Quality Review Commission appeal from a judgment of the Supreme Court, Nassau County (Kutner, J.), entered August 12, 1996, which annulled the determination and directed that the Town Board of the Town of Oyster Bay grant a special use permit with reasonable conditions.

Ordered that the judgment is affirmed, with costs.

The petitioners seek to construct a 116,716 square foot retail warehouse and a 40,800 square foot, 14-screen, 3,000 seat multiplex theater. The subject property is a 23.59 acre parcel in an industrial district zoned for light industry. It is currently being utilized as a drive-in movie theatre with three screens. The project would require no variances for setbacks or parking. The two buildings would be approximately 50% lower than that permitted as of right and the setbacks would be four to ten times greater than the setbacks required by the Town.

The project does, however, require a special use permit from the appellant Town Board of the Town of Oyster Bay (hereinafter the Town Board) (*see*, Town of Oyster Bay Code § 246-272

[A] [6]). After a hearing, the Town Board denied the permit. The Supreme Court annulled the determination and directed that the Town Board grant a special use permit with reasonable conditions. We affirm.

In denying the special use permit, the Town Board primarily relied on the purported increase in traffic congestion that would result from the completed project. However, the record clearly establishes that, on every day except Saturday, the traffic that would be generated by the project would be less than what would be generated by an as-of-right industrial building that could be constructed on the parcel. Absent evidence that a proposed use would cause greater traffic congestion than an as-of-right use, it is an abuse of discretion for a governing board to deny a special permit for the proposed use (*see, Matter of Serota v Town Bd.*, 191 AD2d 700, 701; *Matter of Texaco Ref. & Mktg. v Valente*, 174 AD2d 674, 675; *see also, Matter of Lee Realty Co. v Village of Spring Val.*, 61 NY2d 892, 894).

Moreover, the petitioners established, through extensive submissions by their experts, that any traffic generated on Saturday would have no adverse impact. These submissions demonstrated that the technical rating known as the "Level of Service" at the intersections in the vicinity of the parcel would not be degraded by the project. In addition, the technical rating known as the "Vehicle Capacity ratio" would remain well below that level acknowledged by the parties to be the level of "oversaturation". The appellants, while critiquing these findings, offered no independent data to the contrary (*see, Matter of Framike Realty Corp. v Hinck*, 220 AD2d 501, 502; *Matter of J. P. M. Props. v Town of Oyster Bay*, 204 AD2d 722, 723).

Under these circumstances, the Town Board's denial of the special use permit was not supported by substantial evidence, was arbitrary and capricious, and was properly annulled (*see, Matter of Tandem Holding Corp. v Board of Zoning Appeals*, 43 NY2d 801, 802; *Matter of North Shore Steak House v Board of Appeals*, 30 NY2d 238, 243-244; *Matter of Markowitz v Town Bd.*, 200 AD2d 673).

The appellants' remaining contentions are without merit (*see, Matter of Von Kohorn v Morrell*, 9 NY2d 27, 32). Ritter, J. P., Copertino, Florio and Luciano, JJ., concur.