■ In the Matter of 7-ELEVEN, INC., Respondent, v BOARD OF TRUSTEES OF THE INCORPORATED VILLAGE OF MINEOLA, Appellant. [733 NYS2d 729] —In a proceeding pursuant to CPLR article 78 to review a determination of the Board of Trustees of the Incorporated Village of Mineola dated January 26, 2000, which, after a hearing, denied the petitioner's application for a special use permit, the appeal is from a judgment of the Supreme Court, Nassau County (Burke, J.), dated October 16, 2000, which granted the petition, annulled the determination, and directed that the permit be issued with reasonable conditions.

Ordered that the judgment is affirmed, without costs or disbursements.

A special use permit confers authority to use property in a manner that is permitted by a zoning ordinance under stated conditions, and such a permit is required to be granted unless reasonable grounds exist for its denial (*see, Matter of Carrol's Dev. Corp. v Gibson,* 73 AD2d 1050, *affd* 53 NY2d 813; *Matter of C.B.H. Props. v Rose,* 205 AD2d 686; *Matter of Serota v Town Bd.,* 191 AD2d 700). Where the denial of the special use permit is based on a claim of traffic congestion, there must be evidence that the proposed use would cause greater traffic congestion than an as-of-right use (*see, Matter of Lee Realty Co. v Village of Spring Val.,* 61 NY2d 892; *Matter of Lerner v Town Bd.,* 244 AD2d 336; *Matter of Serota v Town Bd., supra*). Here, there was no evidence that the petitioner's proposed use of the property for a convenience store would have a greater impact on traffic than any as-of-right use. Moreover, the appellant's traffic expert conceded that the petitioner's proposed parking plan satisfied the relevant zoning laws. Therefore, as the denial of the petitioner's application for a special use permit was arbitrary and capricious and an abuse of discretion (*see, Matter of Sasso v Osgood,* 86 NY2d 374, 384), the Supreme Court properly granted the petition, annulled the determination, and directed that the permit be issued with reasonable conditions.

The appellant's remaining contentions are without merit. McGinity, J. P., Luciano, Feuerstein and Prudenti, JJ., concur.