■ ROBERT L. TUTT, Appellant, v ROCHESTER GAS & ELECTRIC CORPORATION, Respondent. [790 NYS2d 906]—Appeal from a judgment of the Supreme Court, Monroe County (Andrew V. Siracuse, J.), entered December 23, 2003. The judgment was entered in favor of defendant after a nonjury trial on the issue of liability.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed without costs for reasons stated in decision at Supreme Court. Present—Scudder, J.P., Martoche, Pine, Lawton and Hayes, JJ.

■ In the Matter of ALLIE JORDAN, LLC, Respondent, v PLANNING BOARD OF TOWN OF SALINA, Appellant. [790 NYS2d 895]—Appeal from a judgment of the Supreme Court, Onondaga County (Edward D. Carni, J.), entered July 9, 2004 in a proceeding pursuant to CPLR article 78. The judgment annulled respondent's determination denying petitioner's application for a special use permit and directed respondent to grant the permit subject to the conditions set forth on the site plan.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously modified on the law by providing that the special use permit is subject only to such appropriate conditions as respondent may find necessary and as modified the judgment is affirmed without costs.

Memorandum: Supreme Court properly annulled respondent's determination denying petitioner's application for a special use permit and directed that the permit be granted (see Matter of C.B.H. Props. v Rose, 205 AD2d 686, 687 [1994], lv denied 84 NY2d 808 [1994]). However, the judgment directs respondent to grant petitioner's application and the special use permit "subject to the conditions as set forth on the [s]ite [p]lan as prepared by Ianuzi & Romans, P.C. dated September 29, 2003 and revised October 10, 2003 and November 6, 2003." Because additional conditions were discussed during the public hearing that are not addressed on the site plan, i.e., fixing the lighting in the parking lot, the addition of a fence, and the use of security personnel, we modify the judgment by providing that the special use permit is subject only to such appropriate conditions as respondent may find necessary (see Matter of Robert Lee Realty Co. v Village of Spring Val., 61 NY2d 892, 893 [1984]). Present—Scudder, J.P., Martoche, Pine, Lawton and Hayes, JJ.