■ In the Matter of G & P INVESTING COMPANY, Respondent, v BRIAN X. FOLEY et al., Appellants. [877 NYS2d 143]—

In a proceeding pursuant to CPLR article 78 to review a determination of the Town Board of the Town of Brookhaven dated November 20, 2007, which, after a hearing, denied the petitioner's amended application for a special permit to construct a single-family residence on a parcel of real property situated in a J2 business district, the appeal is from a judgment of the Supreme Court, Suffolk County (Weber, J.), dated June 10, 2008, which granted the petition and directed the Town Board of the Town of Brookhaven to grant the amended application.

Ordered that the judgment is affirmed, without costs or disbursements.

Contrary to the appellants' contentions, the Supreme Court properly granted the petition and directed the Town Board of the Town of Brookhaven (hereinafter the Board) to grant the petitioner's amended application for a special permit to construct a single-family residence on a parcel of real property situated within the Town's J2 business district. A special permit authorizes the use of property in a manner expressly permitted by the applicable zoning ordinance under certain stated conditions (*see Matter of Retail Prop. Trust v Board of Zoning Appeals of Town of Hempstead,* 98 NY2d 190, 195 [2002]; *Matter of North Shore Steak House v Board of Appeals of Inc. Vil. of Thomaston,* 30 NY2d 238, 243 [1972]). The inclusion of a specified use in the list of uses allowed in a particular zoning district by special permit "is tantamount to a legislative finding that the permitted use is in harmony with the general zoning plan and will not adversely affect the neighborhood" (*Matter of North Shore Steak House v Board of Appeals of Inc. Vil. of Thomaston,* 30 NY2d at 243; *see Matter of Twin County Recycling Corp. v Yevoli,* 90 NY2d 1000, 1002 [1997]; *Matter of Wegmans Enters. v Lansing,* 72 NY2d 1000, 1001 [1988]; *Matter of Gordon & Jack v Peterson,* 230 AD2d 856 [1996]). While an applicant for a special permit must still satisfy the local legislative standards

for the issuance of the permit, those standards cannot be so general or imprecise as to give the board or agency considering the application unfettered discretion in granting or denying permits (*see Matter of Robert Lee Realty Co. v Village of Spring Val.*, 61 NY2d 892, 893 [1984]; *Matter of Tandem Holding Corp. v Board of Zoning Appeals of Town of Hempstead*, 43 NY2d 801, 802 [1977]).

In this case, the petitioner presented evidence that the proposed single-family residence was a permitted use within the J2 business district, that it met all of the relevant criteria for the issuance of a special permit (*see* Town of Brookhaven Code § 85-31.3), that it was consistent with the existing development in the surrounding area, and that it would have fewer adverse impacts than an as-of-right commercial use in the district (*see e.g. Matter of Robert Lee Realty Co. v Village of Spring Val.*, 61 NY2d at 894; *Matter of 7-Eleven v Board of Trustees of Inc. Vil. of Mineola*, 289 AD2d 250 [2001]; *Matter of Lerner v Town Bd. of Town of Oyster Bay*, 244 AD2d 336, 337 [1997]; *Matter of Serota v Town Bd. of Town of Oyster Bay*, 191 AD2d 700 [1993]; *Matter of Texaco Ref. & Mktg. v Valente*, 174 AD2d 674 [1991]). The reasons set forth by the Board in support of its denial of the petitioner's amended application for a special permit were vague, conclusory, and unsupported by factual data and empirical evidence presented at the hearing (*see Matter of Gordon & Jack v Peterson*, 230 AD2d 856 [1996]). Moreover, the Board impermissibly relied upon a purported draft revitalization plan for the area which had not been finalized, which had not been furnished to the petitioner, and the enactment of which in the foreseeable future was doubtful. Under these circumstances, the petitioner established its entitlement to the special permit under the current zoning, and the Board's denial of the application was arbitrary and capricious. Skelos, J.P., Santucci, Dickerson and Eng, JJ., concur.