■ In the Matter of KABRO ASSOCIATES, LLC, Appellant, v TOWN OF ISLIP ZONING BOARD OF APPEALS, Respondents. [944 NYS2d 277]—

In a proceeding pursuant to CPLR article 78 to review a determination of the Town of Islip Zoning Board of Appeals dated May 11, 2010, which, after a hearing, denied the petitioner's application for a special exception permit, the petitioner appeals from a judgment of the Supreme Court, Suffolk County (Rebolini, J.), dated February 25, 2011, which denied the petition and dismissed the proceeding.

Ordered that the judgment is reversed, on the law, without costs or disbursements, the petition is granted, the determination is annulled, and the matter is remitted to the Town of Islip Zoning Board of Appeals for the purpose of issuing the special exception permit requested by the petitioner, subject to any conditions or restrictions as may be appropriate.

The petitioner, Kabro Associates, LLC, owns certain real property on the south side of Montauk Highway in West Islip. The property, which is approximately 586 feet wide, and is designated on the relevant zoning map as one lot, is improved with a strip shopping center and a free-standing pharmacy. The front portion of the lot, which is 125 feet deep and fronts on Montauk Highway, is zoned as a Business 1 District, whereas the rear portion of the lot, which is 75 feet deep, is zoned as a Residence A District. Pursuant to conditions imposed by the Town of Islip Planning Board for the petitioner to obtain a Planning Board Special Permit for a restaurant on the property, the petitioner was required to apply to the Town of Islip Zoning Board of Appeals (hereinafter the ZBA) for a special exception permit allowing it to extend its off-street parking into the portion of the lot situated within the more restrictive residential zoning district and to enlarge the floor space of an existing building or build-

ings by 3,000 square feet. The petitioner submitted its application to the ZBA, which held a public hearing on the application. At the hearing, the petitioner presented the testimony of a traffic engineer and a real estate appraiser, both of whom were qualified as experts by the ZBA. The petitioner's experts concluded that the proposed changes would not adversely affect the surrounding properties by exacerbating traffic conditions or decreasing property values. Owners of neighboring properties, however, objected at the hearing, claiming, among other things, that the proposed changes would exacerbate existing traffic congestion and adversely affect the value of their properties. Following the public hearing, and after accepting additional written submissions, the ZBA denied the petitioner's application. The ZBA relied on, among other things, its concerns about traffic, property values, and the suitability of the plan to the location. The petitioner commenced this proceeding pursuant to CPLR article 78, seeking a judgment annulling the ZBA's determination and directing the ZBA to approve the application for a special exception permit. The Supreme Court denied the petition and dismissed the proceeding. The petitioner appeals, and we reverse.

" '[I]n a proceeding pursuant to CPLR article 78 to review a determination of a zoning board of appeals, a zoning board's interpretation of its zoning ordinance is entitled to great deference, and judicial review is generally limited to ascertaining whether the action was illegal, arbitrary and capricious, or an abuse of discretion' " (*Matter of East Hampton Indoor Tennis Club, LLC v Zoning Bd. of Appeals of Town of E. Hampton*, 83 AD3d 935, 937 [2011], quoting *Matter of Brancato v Zoning Bd. of Appeals of City of Yonkers, N.Y.*, 30 AD3d 515, 515 [2006]; *see Matter of Pecoraro v Board of Appeals of Town of Hempstead*, 2 NY3d 608, 613 [2004]; *Matter of Ifrah v Utschig*, 98 NY2d 304, 308 [2002]). "In applying the arbitrary and capricious standard, a court inquires whether the determination under review had a rational basis. Under this standard, a determination should not be disturbed unless the record shows that the agency's action was arbitrary, unreasonable, irrational or indicative of bad faith" (*Matter of Rendely v Town of Huntington*, 44 AD3d 864, 865 [2007] [internal quotation marks omitted]; *see Matter of Halperin v City of New Rochelle*, 24 AD3d 768, 770 [2005]). "[A] determination will not be deemed rational if it rests entirely on subjective considerations, such as general community opposition, and lacks an objective factual basis" (*Matter of Cacsire v City of White Plains Zoning Bd. of Appeals*, 87 AD3d 1135, 1137 [2011]; *see Matter of Halperin v City of New Rochelle*, 24 AD3d at 772; *see also Matter of Caspian Realty, Inc. v Zoning Bd. of Appeals of Town of Greenburgh*, 68 AD3d 62, 76 [2009]).

"Unlike a use variance, a 'special exception allows the property owner to put his property to a use expressly permitted by the ordinance . . . subject only to "conditions" attached to its use to minimize its impact on the surrounding area' " (*Matter of Capriola v Wright*, 73 AD3d 1043, 1045 [2010], quoting *Matter of North Shore Steak House v Board of Appeals of Inc. Vil. of Thomaston*, 30 NY2d 238, 243-244 [1972]; *see Matter of Navaretta v Town of Oyster Bay*, 72 AD3d 823, 825 [2010]). "The significance of this distinction is that the 'inclusion of the permitted use in the ordinance is tantamount to a legislative finding that the permitted use is in harmony with the general zoning plan and will not adversely affect the neighborhood' " (*Matter of Retail Prop. Trust v Board of Zoning Appeals of Town of Hempstead*, 98 NY2d 190, 195 [2002], quoting *Matter of North Shore Steak House v Board of Appeals of Inc. Vil. of Thomaston*, 30 NY2d at 243). "Thus, the burden of proof on an owner seeking a special exception is lighter than that on an owner seeking a variance" (*Matter of Retail Prop. Trust v Board of Zoning Appeals of Town of Hempstead*, 98 NY2d at 195). An owner seeking a special exception permit is only "required to show compliance with any legislatively imposed conditions on an otherwise permitted use" (*id.*).

Here, the ZBA's conclusion that the proposed development would fail to comply with the applicable legislatively imposed conditions (*see* Code of Town of Islip §§ 68-416, 68-417), and its concomitant determination to deny the petitioner's application, was arbitrary and capricious. The neighboring property owners claimed that the granting of the special exception permit would, among other things, exacerbate existing traffic congestion and decrease the value of their properties. However, these claims were uncorroborated by empirical data, and were contradicted by the expert testimony offered by the petitioner, as well as the opinion of the Town of Islip Department of Planning and Development. Accordingly, the ZBA's determination to deny the petitioner's application lacked a rational basis, and the Supreme Court should have granted the petition. Thus, we remit the matter to the ZBA for the purpose of issuing the special exception permit, subject to any conditions or restrictions as may be appropriate.

In light of our determination, we need not reach the petitioner's remaining contention. Skelos, J.P., Dickerson, Eng and Leventhal, JJ., concur.