■ In the Matter of 7-ELEVEN, INC., et al., Appellants, v INCORPORATED VILLAGE OF MINEOLA et al., Respondents. [7 NYS3d 517]—

In a proceeding pursuant to CPLR article 78 to review a determination of the Incorporated Village of Mineola Board of Trustees dated March 14, 2012, which, after a hearing, denied the petitioners' application for a special use permit, the petitioners appeal from a judgment of the Supreme Court, Nassau County (Woodard, J.), entered October 4, 2012, which denied the petition and dismissed the proceeding.

Ordered that the judgment is reversed, on the law, without costs or disbursements, the petition is granted, the determination is annulled, and the matter is remitted to the Incorporated Village of Mineola Board of Trustees for the purpose of issuing the special use permit requested by the petitioners, subject to the imposition of reasonable conditions permitted by law.

The petitioners SCJB 400, LLC, owner of 400 East Jericho

Turnpike (hereinafter the premises) in Mineola, and 7-Eleven, Inc. (hereinafter 7-Eleven), requested a special use permit to construct a convenience store on the premises. At a public hearing conducted by the Incorporated Village of Mineola Board of Trustees (hereinafter the Board), various experts retained by the petitioners asserted, among other things, that a convenience store on the premises would not adversely affect the surrounding properties by exacerbating traffic conditions or decreasing property values. They also pointed out that no variances were needed. Various Board members and owners of nearby properties, however, opposed the special use permit application, primarily based on their belief that the convenience store's clientele would be unsavory, and that the presence of the proposed store would exacerbate existing traffic congestion. No expert evidence was provided in opposition to the petitioners' expert evidence.

Following the hearing, and after accepting additional submissions, the Board denied the petitioners' application, citing concerns about traffic and parking. The petitioners commenced this proceeding pursuant to CPLR article 78, seeking a judgment annulling the Board's determination and directing the Board to approve the special use permit application. The Supreme Court denied the petition and dismissed the proceeding. The petitioners appeal, and we reverse.

A special exception, commonly known as a special use permit, "gives [a property owner] permission to use property in a way that is consistent with the zoning ordinance, although not necessarily allowed as of right" (*Matter of Retail Prop. Trust v Board of Zoning Appeals of Town of Hempstead*, 98 NY2d 190, 195 [2002]). By contrast, a use variance gives a property owner permission to use the property in a manner inconsistent with a local zoning ordinance. "The significance of this distinction is that the inclusion of the permitted use in the ordinance is tantamount to a legislative finding that the permitted use is in harmony with the general zoning plan and will not adversely affect the neighborhood" (*id.* [citation and internal quotation marks omitted]; *see Matter of Twin County Recycling Corp. v Yevoli*, 90 NY2d 1000, 1002 [1997]; *Matter of G & P Investing Co. v Foley*, 61 AD3d 684, 684 [2009]; *Matter of Chernick v McGowan*, 238 AD2d 586, 587 [1997]). Accordingly, "the burden of proof on an owner seeking a special exception is lighter than that on an owner seeking a [use] variance, the former only being required to show compliance with any legislatively imposed conditions on an otherwise permitted use, while the latter must show an undue hardship in complying with the ordinance"

(*Matter of Retail Prop. Trust v Board of Zoning Appeals of Town of Hempstead*, 98 NY2d at 195; *see Matter of Kabro Assoc., LLC v Town of Islip Zoning Bd. of Appeals*, 95 AD3d 1118, 1120 [2012]; *Matter of J.P.M. Props. v Town of Oyster Bay*, 204 AD2d 722, 723-724 [1994]).

Here, the Board's conclusion that the proposed convenience store would fail to comply with the applicable legislatively imposed conditions, and its concomitant determination to deny the petitioners' application, was arbitrary and capricious. The claims of Board members and nearby property owners that the granting of the special use permit application would, among other things, exacerbate existing traffic congestion were unsupported by empirical data, and were contradicted by the expert opinions offered by the petitioners (*see Matter of Kabro Assoc., LLC v Town of Islip Zoning Bd. of Appeals*, 95 AD3d at 1120; *Matter of G & P Investing Co. v Foley*, 61 AD3d at 685; *Matter of Lerner v Town Bd. of Town of Oyster Bay*, 244 AD2d 336, 336-337 [1997]; *Matter of Triangle Inn v Lo Grande*, 124 AD2d 737, 738 [1986]; cf. *Matter of Retail Prop. Trust v Board of Zoning Appeals of Town of Hempstead*, 98 NY2d at 196). In any event, there was no evidence that the petitioners' proposed use of the premises would have a greater impact on traffic than any as-of-right use (*see Matter of Robert Lee Realty Co. v Village of Spring Val.*, 61 NY2d 892, 894 [1984]; *Matter of 7-Eleven v Board of Trustees of Inc. Vil. of Mineola*, 289 AD2d 250, 250 [2001]; *Matter of Lerner v Town Bd. of Town of Oyster Bay*, 244 AD2d at 337; *Matter of Markowitz v Town Bd. of Town of Oyster Bay*, 200 AD2d 673, 674 [1994]).

Furthermore, the Board entirely discounted 7-Eleven's expressed willingness to abide by certain restrictions on the size of delivery trucks and the timing of deliveries (*see Matter of J.P.M. Props. v Town of Oyster Bay*, 204 AD2d at 723-724; *Matter of Triangle Inn v Lo Grande*, 124 AD2d at 738; *Matter of Old Ct. Intl. v Gulotta*, 123 AD2d 634, 635 [1986]). In addition, although the Board claimed that it arrived at its traffic findings in part because 7-Eleven failed to provide certain proprietary information, the Board had never requested that information, which, in any event, was not required by law.

Inasmuch the Board's denial of the petitioners' special use permit application was not supported by the evidence in the record, the denial was arbitrary and capricious. Accordingly, the application must be remitted to the Board for approval, subject to the imposition of reasonable conditions permitted by law. Balkin, J.P., Hall, Miller and Duffy, JJ., concur.