■ In the Matter of NORTH SHORE EQUITIES, INC., Petitioner, v CHARLES B. FRITTS et al., Constituting the Zoning Board of Appeals of the Town of Bethlehem, Respondents. — Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court at Special Term, entered in Albany County) to review a determination of respondent denying a special exception. Petitioner is a wholly owned subsidiary of Guardian Federal Savings and Loan Association and owns a 7.8-acre tract of land on Fuera Bush Road in the Town of Bethlehem. The zoning districts in question are designated as Residence "A" and Retail Commercial District "CC". Article 5 of the Bethlehem zoning ordinance provides that a four-family apartment building is a permitted use in both zones if a special exception is granted by the zoning board of appeals. Pursuant to this article, petitioner applied to respondent for a special exception in order to build 15 buildings, each containing four

apartments with two bedrooms each. After a public hearing, respondent adopted a resolution containing its findings of fact and conclusions of law which denied the application for a special exception. The instant article 78 proceeding was then commenced and Special Term transferred the application to this court pursuant to CPLR 7804 (subd [g]). In denying the application, the board found that the traffic density and flow on Feura Bush Road was already quite heavy and dangerous and "already congested". The board also found that the proposed access road was "hazardously close" to the neighboring homes which would cause serious sight obstructions for entrance onto Feura Bush Road. It further found that adjoining properties would be impaired in value and that the public convenience and welfare would not be substantially served. Finally, it determined that the size, character and location of the project would not be in harmony with the appropriate and orderly development of the neighborhood and adjacent districts. The record reveals that at the hearing three expert witnesses testified on behalf of petitioner. A civil engineer testified that the buildings would meet all lot restrictions and setbacks and sewer and drainage requirements and that the character and size of the development would not detract from the orderly development of or impair the value of adjoining property. A real estate appraiser testified that the subdivision would be in harmony with the development of the district and not impair the value of adjacent land. The last expert was a professional engineer specializing in transportation. He testified, *inter alia,* that pursuant to State studies and his own physical study of the traffic, there would be no more than a 10% increase in traffic which is within the normal daily and hourly fluctuation of traffic. The adjacent land owners voiced objection to the proposed project but produced no witnesses. They questioned the various experts testifying on behalf of petitioner and contended that there would be a tremendous increase in traffic; that property values would be impaired; and that the character of the neighborhood would be altered. Initially, we note that a special exception is a use expressly permitted by the ordinance. Its inclusion is tantamount to a finding that the permitted use is in harmony with the general zoning plan and will not adversely affect the neighborhood *(Matter of North Shore Steak House v Board of Appeals of Inc. Vil. of Thomaston,* 30 NY2d 238, 243). From our examination of the record, we are of the view that petitioner complied with the standards outlined in the ordinance. Furthermore, there was no proof offered to contravene that of petitioner's three experts. Consequently, there is not substantial evidence to support respondent's findings. A mere general objection by the adjacent landowners is not sufficient to justify a denial *(Matter of Tandem Holding Corp. v Board of Zoning Appeals of Town of Hempstead,* 43 NY2d 801, 802). There must be an annulment. Determination annulled, without costs, petitioner's application granted, and respondent is directed to issue the special exception subject to any reasonable conditions it deems appropriate. Mahoney, P.J., Sweeney, Kane, Casey and Weiss, JJ., concur.