■ In the Matter of ROBERT P. MCDONALD, SR., Respondent, v CITY OF OGDENSBURG ZONING BOARD OF APPEALS et al., Appellants, and LAWRENCE WELT et al., Intervenors-Appellants. — Appeal from an order of the Supreme Court at Special Term (Harvey, J.), entered July 27, 1983 in St. Lawrence County, which conditionally granted petitioner's application, in a proceeding pursuant to CPLR article 78, to annul a determination of the Zoning Board of Appeals of the City of Ogdensburg denying a special use permit. ¶ Petitioner, the owner of a two-family house in an R-2 residential district, sought a special use permit allowing conversion into a multifamily dwelling (four apartments) pursuant to section 30.55 (subd C) of the City of Ogdensburg Zoning Ordinance. The record discloses that although petitioner demonstrated compliance

with the objective criteria in the ordinance for the issuance of a special use permit, the city's zoning board of appeals denied the application on the basis that the proposed use was not in harmony with the character of the neighborhood. Special Term conditionally granted petitioner's CPLR article 78 petition by (1) annulling the board's determination, (2) directing that the matter be remitted for a new hearing to determine whether this particular application satisfied all of the criteria of the ordinance, and (3) failing such action, directing the board to issue the special use permit. This appeal by both respondents and intervenors ensued. In affirming the order, we note first that while it appears that the subject order is intermediate in nature and therefore prematurely before this court (see CPLR 5701, subd [b], par 1), we nevertheless retain jurisdiction in the interest of judicial economy by granting permission for leave to appeal *sua sponte.* In our view, Special Term aptly discerned the board's misapplication of the law and set forth appropriate guidelines for further proceedings. ¶ It is clear that a multiple dwelling, whether newly constructed or by conversion from one- and two-family dwellings, is a contemplated and permitted use under the zoning ordinance. The determination that such use is acceptable, having already been made legislatively is tantamount to a finding that the permitted use is in harmony with the general zoning plan and will not adversely affect the neighborhood (*Matter of Pleasant Val. Home Constr. v Van Wagner,* 41 NY2d 1028, 1029; *Matter of North Shore Steak House v Board of Appeals,* 30 NY2d 238, 243-244; *Matter of North Shore Equities v Fritts,* 81 AD2d 985, 986). To contend that such dwellings are not in harmony with the general zoning plan is, therefore, inherently inconsistent. Petitioner's application was denied, not because of his failure to comply with the conditions set forth in section 30.55 (subd C, par 2) of the ordinance, but because of general opposition of neighbors to the conversion and because construction work had proceeded without the issuance of a building permit. General objections of adjacent landowners are not sufficient to justify a denial (*Matter of Tandem Holding Corp. v Board of Zoning Appeals,* 43 NY2d 801, 802). Very clearly, where an applicant has met the standards imposed by an ordinance, the board is obligated to issue a special use permit (2 Anderson, New York Zoning Law and Practice [2d ed], § 19.14, pp 107-108). ¶ Order affirmed, without costs. Mahoney, P. J., Kane, Weiss, Mikoll and Yesawich, Jr., JJ., concur.