■ In the Matter of R & T REALTY ASSOCIATES, Respondent, v STANLEY P. AMELKIN et al., Constituting the Zoning Board of Appeals of the Town of Huntington, Appellants.—In a proceeding pursuant to CPLR article 78 to review a determination of the Zoning Board of Appeals of the Town of Huntington, dated December 4, 1986, which, after a hearing, denied

the petitioner's application for a business depth exception, the appeal is from a judgment of the Supreme Court, Suffolk County (Tanenbaum, J.), dated May 4, 1987, which granted the petition.

Ordered that the judgment is affirmed, without costs or disbursements.

The petitioner's property lies on the west side of Larkfield Road in East Northport. The parcel runs along Larkfield Road for approximately 100 feet and is approximately 200 feet deep. Part of the parcel, to a depth of 150 feet, is located in an area zoned C-6 General Business District by the Town of Huntington. The remaining depth, 51.85 feet, is located in an area zoned R-5 Residence District.

The petitioner planned to erect a three-story office building with a total floor space of 8,250 square feet. In order to provide adequate parking, it applied for a special exception to pave part of the residentially zoned strip. After receiving comments from the Town of Huntington's Director of Planning and Department of Environmental Control and holding a hearing, the appellants denied the application.

The Supreme Court properly vacated the appellants' determination and granted the application. Although an applicant is not entitled to a special exception as of right (see, *Matter of Tandem Holding Corp. v Board of Zoning Appeals,* 43 NY2d 801, 802), once he or she has shown compliance with the standards set forth in the zoning ordinance, a denial by a board of appeals must be supported by substantial evidence on the record (see, *Green v Lo Grande,* 96 AD2d 524, 526; see also, *Matter of North Shore Steak House v Board of Appeals,* 30 NY2d 238, 244 [ordinance permitting such a use amounts to a legislative finding that the permitted use conforms to the general zoning plan]).

In the instant case, the petitioner's proposed use conformed to the zoning ordinances (see, Town of Huntington Code § 198-68 [A] [22]; § 198-110 [C] [3]). Most of the complaints registered by the town's Director of Planning and Department of Environmental Control either concerned the building itself and were thus irrelevant as far as the special exception was concerned, or were adequately addressed by the petitioner.

We have considered the appellants' remaining contention and find it to be without merit. Mangano, J. P., Bracken, Kunzeman and Balletta, JJ., concur.