■ In the Matter of WESLEY C. VEYSEY, Petitioner, v ZONING BOARD OF APPEALS OF THE CITY OF GLENS FALLS, Respondent.—Casey, J. Proceeding pursuant to CPLR article 78

(transferred to this court by order of the Supreme Court, entered in Warren County) to review a determination of respondent which denied petitioner's request for a special use permit.

In this transferred CPLR article 78 proceeding, petitioner seeks annulment of respondent's denial of petitioner's application for a special use permit to erect 28 garden apartments in seven four-unit buildings on a 2.3-acre parcel owned by petitioner in the City of Glens Falls, Warren County. The site is located across Sagamore Street from an elementary school in an R-1 residential zone where garden apartments are a permitted use by special permit. The courts have determined that a special exception use is "tantamount to a legislative finding that the permitted use is in harmony with the general zoning plan and will not adversely affect the neighborhood" *(Matter of North Shore Steak House v Board of Appeals,* 30 NY2d 238, 243; *see, Matter of McDonald v City of Ogdensburg Zoning Bd. of Appeals,* 101 AD2d 900, 901). Nevertheless, respondent formally denied petitioner's application by resolution on August 15, 1988 because the proposed use was not in harmony with the city zoning ordinance's expressed purposes in that the proposed use did not promote the public health and safety and would imperil the safety of the children who attend Jackson Heights School due to its proximity to the proposed development, and because the increased automotive traffic and parking resulting from the project would create additional hazards and dangers to children on their way to and from the school and its adjoining playground.

Respondent's determination followed a public hearing held on May 16, 1988, at which petitioner presented evidence that the proposed project complied in all respects with the applicable criteria of the city's zoning ordinance as to setbacks, parking and building size. Petitioner also presented a traffic study by a traffic expert whom he had commissioned to evaluate the effect that the proposed project would have on area traffic. The expert concluded that the traffic at that area is very light and the increase in traffic as the result of the project would be insignificant. Except for the general opposition at the public hearing of those residents living in the area and the petitions and letters that had been filed by other interested persons, no evidence to the contrary was offered.

Initially, in this proceeding petitioner argues that the only criteria that respondent can consider must be specifically set forth in the ordinance, as it relates to special use permits, and the ordinance herein does not specifically provide for the

promotion of the public health and safety in respect to special use permits. That standard is contained only in the preamble of the ordinance, and according to petitioner is prefatory in nature and only a general policy statement. We disagree with that contention. In our view, despite the absence of specific factors in the provisions of the ordinance relating to special use permits, a consideration of the public health and safety is consistent with the general rule of statutory construction that the ordinance must be read as a whole and all parts harmonized to attain the legislative purpose and to avoid rendering any part surplusage (see, *Matter of Briar Hill Lanes v Town of Ossining Zoning Bd. of Appeals,* 142 AD2d 578, 581). Therefore, such factors as traffic congestion and dangers to school children are proper items of consideration (see, e.g., *Matter of Market Sq. Props. v Town of Guilderland Zoning Bd. of Appeals,* 109 AD2d 164, 168, *affd* 66 NY2d 893).

However, substantial evidence to support respondent's determination based on such factors is lacking here. The report of petitioner's traffic expert as to the inconsequential effect of the project is totally uncontradicted. This report was submitted several weeks prior to the public hearing. There was, therefore, ample opportunity for respondent to have produced contrary evidence. None was forthcoming. As against the traffic expert's report there are only the general objections of the adjoining landowners, which are insufficient to justify denial of a special use permit (see, *Matter of North Shore Equities v Fritts,* 81 AD2d 985, 986). Such expert opinion regarding traffic problems may not be disregarded in favor of generalized community objections (see, *Matter of Market Sq. Props. v Town of Guilderland Zoning Bd. of Appeals,* 66 NY2d 893, 895, *supra; Green v Lo Grande,* 96 AD2d 524, *appeal dismissed* 61 NY2d 758).

Petitioner demonstrated his prima facie entitlement to the special use permit. Since no substantial evidence precluding the grant of the permit has been demonstrated, the determination of respondent must be annulled (see, *Matter of Mason v Zoning Bd. of Appeals,* 72 AD2d 889).

Determination annulled, with costs, and matter remitted to respondent for further proceedings not inconsistent with this court's decision. Mahoney, P. J., Casey, Yesawich, Jr., Levine and Harvey, JJ., concur.