■ In the Matter of NABHANE KARAM, Formerly Known as NABHANE NICKLEY, et al., Individually and Doing Business as KARAM'S MIDDLE EAST BAKERY, Respondents, v WALTER WILCZEK et al., Constituting the Zoning Board of Appeals for the Village of Yorkville, et al., Appellants.—Judgment reversed on the law without costs and petition dismissed. Memorandum: Petitioners operate a bakery and coffee shop as a nonconforming use in an R-1 district. Following a 1988 fire that damaged some of their bakery equipment, petitioners applied for a building permit to alter their structure to accommodate more automated equipment that they intended to install to replace that damaged in the fire. Because the zoning ordinance expressly prohibits the addition to, or enlargement of, a non-conforming use (Village of Yorkville Zoning Ordinance § 29 [1]), respondents denied petitioners' application and determined further that petitioners had not demonstrated their entitlement to a use variance. Special Term annulled respondents' determination and directed the issuance of the building permit. We reverse.

It is axiomatic that the construction of a zoning ordinance by the local agency empowered to interpret and administer it will not be disturbed unless the construction is unreasonable or irrational *(see, Matter of Frishman v Schmidt,* 61 NY2d 823, 825). Because one of the primary purposes of restrictive zoning is to phase out non-conforming uses *(see, Matter of Cave v Zoning Bd. of Appeals,* 49 AD2d 228, 233, *lv denied* 38 NY2d 710), courts have not hesitated to give effect to restrictions on non-conforming uses *(see, Matter of Off Shore Rest. Corp. v Linden,* 30 NY2d 160, 164). Respondents' interpretation of the ordinance and their finding that petitioners' proposed 16 feet by 79 feet "alteration" of the existing structure constituted an addition was neither unreasonable nor irra-

tional. While the zoning ordinance permits a non-conforming building to be altered, it limits permitted alterations to reconstruction or structural alterations (Village of Yorkville Zoning Ordinance § 29 [2]). Petitioners' proposal clearly did not amount to a "structural alteration" as that term is defined in the zoning ordinance (Village of Yorkville Zoning Ordinance § 4).

In denying petitioners a use variance, respondents found that the use would not be in harmony with and would adversely affect the largely residential neighborhood. Because the determination has a rational basis, it should not have been disturbed (see, Matter of Fuhst v Foley, 45 NY2d 441, 444; Matter of Cowan v Kern, 41 NY2d 591, 598, rearg denied 42 NY2d 910). The proof indicated that the new equipment would make the baking process less labor intensive; that was insufficient to demonstrate unnecessary hardship (see, Matter of Village Bd. v Jarrold, 53 NY2d 254, 257-258; Cortese v Avis Rent A Car Sys., 167 AD2d 940).

All concur, Balio, J., not participating. (Appeal from Judgment of Supreme Court, Oneida County, Parker, J.—Article 78.) Present—Denman, P. J., Pine, Balio, Fallon and Doerr, JJ.