■ In the Matter of C & A CARBONE, INC., Respondent, v CHARLES E. HOLBROOK et al., Appellants.—In a proceeding pursuant to CPLR article 78 to review a determination of the Town Board of the Town of Clarkstown, dated November 27, 1990, which denied the petitioner a special permit to operate a recycling plant, the appeal is from an order and judgment (one paper) of the Supreme Court, Rockland County (Weiner, J.), dated February 27, 1991, which annulled the Town Board's determination and directed it to issue the petitioner a special permit subject to the imposition of reasonable conditions.

Ordered that the order and judgment is affirmed, without costs or disbursements.

The petitioner C & A Carbone, Inc. (hereinafter Carbone), is in the waste disposal business and sought a special permit from the Town of Clarkstown (hereinafter the Town) to operate a recycling plant. After area residents raised concerns about traffic congestion on Western Highway, the main thoroughfare to the proposed plant, the Town Board requested that Carbone submit a traffic survey. The residents argued that Western Highway, a two-lane paved road with a speed limit of 25 to 30 miles per hour, would be overburdened by Carbone's trucks. However, although Carbone commissioned and submitted a traffic survey indicating that the roads in the area were being used substantially under their capacity, the Town Board denied the permit. The Town Board found the traffic survey unpersuasive and, based on the testimony of the area residents and the Town Board's own knowledge, denied the permit due to anticipated traffic congestion. The Supreme Court annulled the Town Board's determination and directed the Town Board to issue Carbone a special permit subject to reasonable conditions. The Town Board now appeals.

The fundamental difference between a variance and a special permit is that a variance is the authority to use property in a manner forbidden by an ordinance while a special permit or exception is the authority to use property in a manner expressly permitted *(see, Matter of North Shore Steak House v*

*Board of Appeals,* 30 NY2d 238; *Matter of Texaco Ref. & Mktg. v Valente,* 174 AD2d 674). Such a classification is tantamount to a legislative finding that, if the special exception conditions are met, such a use will not adversely affect the neighborhood *(see, Matter of Lee Realty Co. v Village of Spring Val.,* 61 NY2d 892; *Matter of North Shore Steak House v Board of Appeals, supra; Old Ct. Intl. v Gulotta,* 123 AD2d 634). Although there is no entitlement to such a special permit, once the petitioner shows that the contemplated use is in conformance with the conditions imposed, the special permit must be granted unless there are reasonable grounds for denying it that are supported by substantial evidence *(see, Matter of Carrol's Dev. Corp. v Gibson,* 53 NY2d 813; *Texaco Ref. & Mktg. v Valente, supra; Matter of R & T Realty Assocs. v Amelkin,* 145 AD2d 636). Moreover, the petitioner's burden of proof is much lighter than the heavy burden required for a variance *(see, Matter of Carrol's Dev. Corp. v Gibson, supra; Matter of North Shore Steak House v Board of Appeals, supra; Matter of Old Ct. Intl. v Gulotta, supra; Green v Lo Grande,* 96 AD2d 524).

Here, the traffic survey submitted by Carbone indicating that the affected roads by the proposed plant were being substantially underutilized and would not be overburdened by Carbone's trucks was unrebutted by anything other than the conclusory statements of the area residents. These conclusory assertions were insufficient to sustain a denial of the special permit *(see, Matter of Market Sq. Props. v Town of Guilderland Zoning Bd. of Appeals,* 66 NY2d 893; *Matter of McDonald's Corp. v Rose,* 111 AD2d 850; *Matter of Veysey v Zoning Bd. of Appeals,* 154 AD2d 819) even if supported by the personal knowledge of the members of the Town Board *(see, C & B Realty Co. v Town Bd.,* 139 AD2d 510). Likewise, the Town's contentions that the neighboring property values would be diminished is completely unsupported by any evidence.

We also note that the New York State Department of Environmental Conservation reported no environmental impact and the Town of Clarkstown Department of Planning and Development approved the proposed plant subject to certain conditions. Rosenblatt, J. P., Ritter, Copertino and Pizzuto, JJ., concur.