■ In the Matter of HAAS HILL PROPERTY OWNERS' ASSOCIATION et al., Appellants, v ZONING BOARD OF APPEALS OF THE TOWN OF NEW BALTIMORE et al., Respondents. [609 NYS2d 416] — White, J. Appeal from a judgment of the Supreme Court

(Cobb, J.), entered October 23, 1992 in Greene County, which dismissed petitioners' application, in a proceeding pursuant to CPLR article 78, to review a determination of respondent Zoning Board of Appeals of the Town of New Baltimore granting a special use permit.

On December 10, 1977, respondents Wayne Delp and Edith Delp applied to the Town Board of the Town of New Baltimore for permission to establish a "personal/private airport" on their property in the Town of New Baltimore, Greene County, that is situated in a "RA Rural Residential/Agricultural" zoning district. Following a public hearing the Town Board, on June 13, 1978, granted the application subject to restrictions regarding the length of the runway and number of landings per month. Between 1978 and 1989, the Delps constructed a hanger, runway and a road. In December 1989, they sought final approval of the project from the Town Board. Due to the fact that an airport is not a permitted use in a RA district, the Town Board referred the matter to respondent Zoning Board of Appeals of the Town of New Baltimore (hereinafter respondent) for determination of whether a special use permit should be issued to the Delps. Despite strong community opposition, respondent issued the permit. Petitioners then commenced this CPLR article 78 proceeding, which Supreme Court dismissed. This appeal ensued.

The pertinent provisions of the Town's Zoning Code provide that a recreational use is a special use permitted in a RA district and that a special use permit shall be issued "unless [respondent] finds that the proposed use or uses will be injurious to the district" (Zoning Code of Town of New Baltimore § 112-22 [B]; see, Zoning Code of Town of New Baltimore § 112-7 [C]). Applying these provisions, respondent issued the permit finding that the proposed airport was a recreational use that will not be injurious to the district. Whether this determination is sustainable depends upon whether it has a rational basis and is supported by substantial evidence (see, Matter of Fuhst v Foley, 45 NY2d 441, 444).

The first issue to be considered is whether the proposed airport can be considered a recreational use. Inasmuch as the Town's Zoning Code does not define "recreational", it was within respondent's power to construe the term (see, Matter of Rembar v Board of Appeals, 148 AD2d 619). A use can be classified as "recreational" if it provides diversion or amuse-

ment (Webster's Third New International Dictionary 1899 [unabridged 1986]). The evidence before respondent was that the landings at the airport were limited by the Town Board to 45 each month and that only four to five planes would be maintained on the airfield. Wayne Delp indicated that he was interested in antique aircraft and intended to use the airport to give a few lessons and provide a landing area for friends involved in flying. Even though the Federal Aviation Administration classified the airport as a privately owned, public use airport, there will be no scheduled commercial flights. In view of this evidence, which shows that the airport is an avocation, we conclude that respondent's finding that said airport constitutes a recreational use within the meaning of the Town's Zoning Code should not be disturbed as there is a rational basis for the finding and it is supported by substantial evidence (see, Matter of Frishman v Schmidt, 61 NY2d 823; Matter of Karam v Wilczek, 185 AD2d 634).

We next address respondent's finding that the airport will not be injurious to the district. Petitioners contend that it will devalue nearby properties, have a negative effect on a nearby public water supply, and create discharge and erosion problems. Aside from several letters from real estate appraisers concerning the devaluation issue, these are conclusory claims which merely reflect generalized community objections to the airport. As such, they are insufficient to sustain a denial of the permit (see, Matter of C & A Carbone v Holbrook, 188 AD2d 599; Matter of Fitzner v Beach, 174 AD2d 798). The opinions of the real estate appraisers lacked probative value because they did not set forth any facts supporting their opinions. Accordingly, insofar as there is no probative evidence that the airport will be injurious and given the limited use that will be made of it, we find that respondent's determination that the airport will not be injurious to the district is rational and supported by substantial evidence. Moreover, the classification of a recreational use as a special permitted use in a RA district is tantamount to a legislative finding that if the special exception conditions are met, such use will not adversely affect the neighborhood. A special use permit is available upon a showing of compliance with legislatively imposed conditions pertaining to the intended use, which is unlike the unnecessary hardship standards governing variances (see, Matter of Wegmans Enters. v Lansing, 72 NY2d 1000, 1001; Matter of C & A Carbone v Holbrook, supra, at 600).

The next issue petitioners raise centers on the fact that respondent's determination was based in part upon its members' personal knowledge and inspection of the airport. While a zoning board may utilize the personal knowledge of its members, it must set forth the facts known particularly to it, and not otherwise disclosed, which it relied on so that the record reveals the basis for its determination (see, Matter of Varley v Zoning Bd. of Appeals, 131 AD2d 905, 907; Matter of Weidenhamer v Bundschuh, 37 AD2d 720). In this instance, it was not necessary for respondent to specifically set forth the information its members gleaned from their inspection of the airport because its physical layout is described in the findings and is otherwise disclosed in the record. In any event, respondent's determination is clearly predicated on the limited use that will be made of the airport rather than its physical characteristics.

Finally, petitioners' contention that respondent's findings are conclusory is without merit because respondent adequately correlated the evidence in the record to the standards set forth in the Town's Zoning Code (see, Matter of Hanson v Valenty, 198 AD2d 598). For these reasons, we affirm Supreme Court's judgment.

Cardona, P. J., Mercure, Crew III and Weiss, JJ., concur. Ordered that the judgment is affirmed, without costs.