■ In the Matter of ORANGE AND ROCKLAND UTILITIES, INC., Respondent, v TOWN BOARD OF THE TOWN OF STONY POINT, Appellant, and PAUL ELY et al., Intervenors-Appellants. [624 NYS2d 640] —In a proceeding pursuant to CPLR article 78 to review a determination of the Town Board of the Town of Stony Point, dated September 8, 1992, denying, after a hearing, the petitioner's application for a special use permit, the Town Board of the Town of Stony Point appeals and the intervenors separately appeal from a judgment of the Supreme Court, Rockland County (LaCava, J.), entered August 2, 1993, which, *inter alia,* annulled the determination, directed the Town Board of the Town of Stony Point to issue the special use permit subject to any lawful prerequisites and

reasonable conditions it deemed fit, and thereupon granted the petition. The intervenors' notice of appeal from the order dated June 7, 1993, is deemed a premature notice of appeal from the judgment (see, CPLR 5520 [c]).

Ordered that the judgment is affirmed, with one bill of costs.

We agree with the determination of the Supreme Court that the proposed use of property for the construction of an electrical or utility substation was in conformance with the statutory preconditions for issuance of special permits, and that the denial of the petitioner's application for a special permit was not supported by "substantial evidence". Unlike a variance, which allows the use of property in a manner otherwise prohibited by an ordinance, a special permit or exception authorizes the use of property in a manner expressly permitted (see, Matter of North Shore Steak House v Board of Appeals, 30 NY2d 238; Matter of Texaco Ref. & Mktg. v Valente, 174 AD2d 674). Such a classification is tantamount to a legislative finding that, if the special exception conditions are met, the proposed use is compatible with the standards and objectives of the zoning ordinance, and will not adversely affect the neighborhood and the surrounding areas (see, Matter of Lee Realty Co. v Village of Spring Val., 61 NY2d 892; Matter of North Shore Steak House v Board of Appeals, supra; Matter of C.B.H. Props. v Rose, 205 AD2d 686; Matter of J.P.M. Props. v Town of Oyster Bay, 204 AD2d 722; Matter of C & B Realty Co. v Town Bd., 139 AD2d 510; Matter of Old Ct. Intl. v Gulotta, 123 AD2d 634).

Although there is no automatic entitlement to a special permit, where, as here, the petitioner demonstrates that the proposed use is in conformance with the conditions imposed, a permit must be granted unless there are reasonable grounds for denying it which are supported by substantial evidence (see, Matter of Carrol's Dev. Corp. v Gibson, 53 NY2d 813; Matter of C & A Carbone v Holbrook, 188 AD2d 599; Matter of Texaco Ref. & Mktg. v Valente, 174 AD2d 674, supra). While the Town Board of the Town of Stony Point (hereinafter the Town Board) is free to consider matters related to the public welfare in determining whether to grant or deny a special exception or permit (see, Cummings v Town Bd., 62 NY2d 833; Matter of C & B Realty Co. v Town Bd., supra; see generally, 2 Anderson, New York Zoning Law & Practice § 24.13, at 285 [3d ed]), it may not deny a special exception or permit solely on the basis of generalized objections and concerns of the neighboring or adjoining community which, in effect, amount

to "community pressure" *(see, Matter of Lee Realty Co. v Village of Spring Val.,* 61 NY2d 892, *supra; Matter of C.B.H. Props. v Rose,* 205 AD2d 686, *supra).*

Here, the conclusion of the petitioner's expert witness that there would not be an increase in the amount of electrical or magnetic fields at any residence or at any property line in the area of the substation was unrebutted by anything other than the conclusory statements of the area residents. These conclusory assertions were insufficient to sustain a denial of the special permit *(see, Matter of Market Sq. Props. v Town of Guilderland Zoning Bd. of Appeals,* 66 NY2d 893; *Matter of C & A Carbone v Holbrook,* 188 AD2d 599, *supra; Matter of Veysey v Zoning Bd. of Appeals,* 154 AD2d 819). Likewise, the intervenors' contention that the neighboring property values would be diminished is completely unsupported by any evidence.

We have examined the remaining contentions of the Town Board and the intervenors and find that they are without merit. Mangano, P. J., Rosenblatt, Miller and Ritter, JJ., concur.