■ In the Matter of 1081 HEMPSTEAD TURNPIKE ASSOCIATES, Respondent, v RAYMOND MINEO et al., Appellants. [636 NYS2d 416] —In a proceeding pursuant to CPLR article 78 to review a determination of the Hempstead Board of Zoning Appeals dated October 13, 1993, which denied the petitioner's application for a special exception permit, the appeals are from a judgment of the Supreme Court, Nassau County (Feuerstein, J.), dated September 16, 1994, which granted the petition, annulled the determination of the Hempstead Board of Zoning Appeals and remitted the matter to the Hempstead Board of Zoning Appeals to issue a special exception permit, subject to the imposition of reasonable conditions.

Ordered that the judgment is affirmed, without costs or disbursements.

Contrary to the appellants' contentions, the findings of the Hempstead Board of Zoning Appeals (hereinafter the Board) were not supported by substantial evidence and were, therefore, insufficient to sustain a denial of the special exception permit *(see, Matter of Carrol's Dev. Corp. v Gibson,* 53 NY2d 813; *Mat-*

*ter of Orange & Rockland Utils. v Town Bd.,* 214 AD2d 573; *Matter of C & A Carbone v Holbrook,* 188 AD2d 599; *Matter of Texaco Ref. & Mktg. v Valente,* 174 AD2d 674). The petitioner demonstrated that his proposed use of the premises would be in conformance with the special exception conditions imposed by the applicable statute, section 267 D (2) (a) and (b) of the Building Zone Ordinance of the Town of Hempstead. Accordingly, the Supreme Court properly held that the Board is to issue the requested special permit, subject to the imposition of reasonable conditions. Bracken, J. P., Ritter, Altman and Goldstein, JJ., concur.