JOHN L. O'BRIEN, SR., Appellant, v TOWN OF FENTON, Respondent. [653 NYS2d 204] —Yesawich Jr., J. Appeal from an amended judgment of the Supreme Court (Coutant, J.), entered January 16, 1996 in Broome County, upon a decision of the court in favor of defendant.

Plaintiff owns land in the Town of Fenton, Broome County, which, since the early 1970s, has been used as a sand and gravel mine pursuant to a permit issued by the Department of Environmental Conservation (hereinafter DEC). Until 1989, mining was a permissible use of the land, which was within an "agricultural-residential" (hereinafter A/R) zone. By Local Law, 1989, No. 7 of the Town of Fenton, effective September 6, 1989 (hereinafter Local Law No. 7), defendant amended its Town Code to, *inter alia*, eliminate mining as a generally acceptable use in A/R areas and established new procedures for obtaining permission to engage in mining. The new law requires, as prerequisites to opening a new mine, that the land in question be approved for designation as a "mining district" and that a permit be obtained from the defendant's Planning Board. Mines already in operation at the time, such as plaintiff's, were to be "grandfathered" under the new law, by means of a procedure whereby the property involved would be identified and receive automatic designation as a mining district.

In 1993, in the course of their investigation of the status of existing mines, Town officials discovered that plaintiff's DEC mining permit had expired on March 22, 1991 and had not been renewed. Defendant then notified plaintiff that in accordance with the "sunset provision" of Local Law No. 7, which outlines circumstances whereby a mining district loses its designation as such, his property had reverted to its original classification as agricultural-residential, and that to resume mining activity he would have to reapply and meet the conditions imposed upon new mines. Plaintiff pursued that approval process but his application was ultimately denied, and he there-

after commenced this action seeking, *inter alia*, an order declaring defendant's actions illegal and enjoining further interference with his use of the property.

After plaintiff's summary judgment motion was denied, a trial was held at which the primary theory advanced by plaintiff was that passage of Local Law No. 7 transformed his mining activity into a legal, nonconforming use of the property and that, not having abandoned that use either by complete cessation of operations for a period of one year or otherwise, he was entitled to continue it. He also argued that Local Law No. 7 is invalid, as it constitutes an improper attempt to subject mining operations to local control in violation of the preemptive provisions of the Mined Land Reclamation Law (*see*, ECL 23-2703 [2]). The evidence presented and arguments made centered around whether plaintiff had—as defendant maintained—completely suspended his mining operations from approximately the time that his DEC permit expired in March 1991 until December 1994, and the effect such suspension had on the zoning of his property during that interval.

Supreme Court, finding plaintiff's documentary proof of continuing mining activity in 1991, 1992 and 1993 to be of questionable authenticity, and relying upon other evidence it deemed probative, concluded that such activity had indeed ceased during the period in question, and that as a result the land had reverted to its former A/R classification. The remainder of plaintiff's arguments were rejected and the complaint was dismissed, prompting this appeal.

Those of plaintiff's arguments preserved for our review are unconvincing. Although Local Law No. 7, as incorporated into the Town Code, does outline a procedure for identifying lands that were "currently being mined" at the time of its adoption, culminating with amendment of the Town zoning map to reflect the new status of those areas as mining districts, it is apparent from the language of the law and its history that it was the law's enactment, not the subsequent amendment of the zoning map in 1993, that was intended to effect the change in classification. Hence, plaintiff's property became a mining district on September 6, 1989 and his operation remained a legal and conforming use after that date.

Consequently, plaintiff's contention that his cessation of operations was not sufficient to constitute abandonment of a nonconforming use misses the mark, because it is the "sunset provision" of Local Law No. 7 that governs the situation at hand. That clause reads, in pertinent part, "Every Mining District shall remain in existence for a period of one year or

upon the abandonment of mining activities therein, either upon the termination of the mining permit term without renewal or otherwise, whichever is later." As this language arguably admits of two different interpretations, the ambiguity is to be resolved in the manner most favorable to the landowner (cf., *Matter of Hess Realty Corp. v Planning Commn.*, 198 AD2d 588, 589). But that benefits plaintiff little, for where, as here, there has been both a permit lapse and an abandonment of mining activity, either construction leads to the same result and neither favors plaintiff's cause. Inasmuch as the credible evidence amply supports Supreme Court's finding that there was no mining activity at the subject premises from March 1991 until late 1994, plaintiff's property lost its designation as a mining district by the operation of the "sunset provision", and defendant was justified in requiring plaintiff's compliance with the new permitting procedures.

Nor are the portions of the new law at issue here—(1) those that prohibit mining outside of mining districts, and establish criteria for obtaining that designation, essentially transforming mining into the equivalent of a "specially permitted use" (*see, Matter of Gernatt Asphalt Prods. v Town of Sardinia*, 87 NY2d 668, 676, n 1), and (2) those which "weed out" abandoned mines by revocation of the mining district classification (the "sunset provision")—preempted by the Mined Land Reclamation Law (*see, supra*, at 683). We pass no judgment, in this regard, with respect to the other provisions of Local Law No. 7, which, though relied upon by plaintiff, are not relevant to the instant controversy.

Plaintiff's remaining arguments, that the new law serves no legitimate governmental purpose, is unconstitutionally vague, and/or violates the Due Process and Takings Clauses of the Federal and State Constitutions, are equally unpersuasive.

Mikoll, J. P., Crew III, White and Peters, JJ., concur. Ordered that the amended judgment is affirmed, without costs.