■ In the Matter of MICHAEL BOYER et al., Appellants, v PHIL DAVENPORT et al., Comprising the Planning Board of the Town of Shandaken, et al., Respondents. [757 NYS2d 389] —Lahtinen, J. Appeal from a judgment of the Supreme Court (Kavanagh, J.), entered August 28, 2002 in Ulster County, which dismissed petitioners' application, in a proceeding pursuant to CPLR article 78, to review a determination of the Planning Board of the Town of Shandaken approving a request by respondent Richard Stokes, Jr. for a special use permit.

Respondent Richard Stokes, Jr. applied to the Planning Board of the Town of Shandaken (hereinafter Board) for a special use permit to reopen a hotel (including a restaurant and bar therein) that had begun business in the nineteenth century, but had been closed for a considerable period of time

prior to the application. The property is located in an area of the Town of Shandaken, Ulster County, that is zoned "Hamlet/ Residential." A hotel with an integral restaurant and bar is a permitted use in such area provided a special use permit is obtained. Pursuant to a provision in the Shandaken Zoning Code (hereinafter Code), the application was referred to the Ulster County Planning Board for an advisory recommendation. The Ulster County Planning Board recommended approval and, thereafter, a public hearing was held. Several residents appeared at the hearing both supporting and opposing the application. The Board unanimously approved the application in March 2002.

Petitioners, who own property adjacent to or near the hotel, commenced the current proceeding seeking to annul the Board's determination upon the ground that, inter alia, Stokes failed to comply with the parking and setback requirements of the Code. Supreme Court agreed with the Board's interpretation of the Code that the parking and setback requirements contained therein did not apply to Stokes' application because the hotel was merely being reopened. The petition was thus dismissed and this appeal ensued.

We affirm. Initially, we note that this is not, as suggested by petitioners, a case of establishing an exception to a zoning ordinance through a preexisting nonconforming use and, indeed, Supreme Court did not engage in such an analysis. The issue implicated is whether the Board properly interpreted and applied the provisions of the Code pertaining to Stokes' application for a special use permit. In performing such functions, a zoning board is generally afforded some discretion (see *Matter of Twin County Recycling Corp. v Yevoli*, 90 NY2d 1000, 1002 [1997]; *Matter of Eddy v Niefer*, 297 AD2d 410, 412 [2002]; cf. *Appelbaum v Deutsch*, 66 NY2d 975, 977 [1985]). Moreover, ambiguities in zoning ordinances are "resolved in the manner most favorable to the landowner" (*O'Brien v Town of Fenton*, 236 AD2d 693, 695 [1997], *lv denied* 90 NY2d 807 [1997]).

Section 116-24 of the Code sets forth certain parking requirements. Rather than having a broad provision making the section applicable to all special use permit applications, the section, instead, limits its applicability to situations where "any new building or structure is erected, any existing building or structure is enlarged or any new or changed use of either land or structure is established." The Board rationally determined that the parking provisions of the Code did not apply because Stokes was not erecting a new building, enlarging a building, or changing a use of an existing structure. He was

simply reopening the building consistent with its prior use as a hotel. Similarly, as noted by Supreme Court, the provisions of the Code regarding the set-back requirements could be reasonably interpreted as not applying to reestablishing a hotel business in a building that had been used for such purpose for over 100 years.

Petitioners' remaining arguments have been considered and found unpersuasive.

Mercure, J.P., Crew III, Peters and Rose, JJ., concur. Ordered that the judgment is affirmed, without costs.