■ In the Matter of DEBORAH J. ALLEN et al., Respondents, v ZONING BOARD OF APPEALS OF CITY OF KINGSTON, Appellant. [778 NYS2d 230]—

Carpinello, J. Appeal from a judgment of the Supreme Court (Connor, J.), entered April 11, 2003 in Ulster County, which granted petitioners' application, in a proceeding pursuant to CPLR article 78, to annul a determination of respondent denying petitioners' request for a use variance.

Petitioner Deborah J. Allen, through two corporations of which she is president, owns property in the City of Kingston, Ulster County on which she operates a bus company. The bus company, which has been in existence for over 40 years, transports special needs children within the local city school district and maintains an office, garage and parking area for its fleet of approximately 65 minibuses on this property. In July 2000, Allen filed a bid with the City to purchase a foreclosed-upon, adjoining parcel of land which had been vacant for nearly 75 years. The proposed use of the parcel was for parking and an office. After the bid was accepted and Allen expended substantial sums of money to clean up the lot, which had been permitted to exist in disarray for years, she was advised that a use variance would be needed to utilize it as a parking lot.

A subsequent application for a use variance was denied by respondent in December 2001 prompting petitioners to commence a CPLR article 78 proceeding. Supreme Court annulled the determination and the matter was remanded to respondent "to either affirm or deny [the] application for a variance and create a record setting forth the rationale and facts upon which its determination is made in accordance with statute and consistent with the evidence presented." Upon remand, the application was again denied prompting this second CPLR article 78

proceeding. At issue is a judgment of Supreme Court which found that respondent failed to comply with its prior directive and granted petitioners' application to annul respondent's second determination. Respondent appeals.

Under General City Law § 81-b (3) (b), the burden is on the use variance applicant to show that the restrictions on the property have caused "unnecessary hardship." The factors necessary to make this showing include evidence that the property cannot provide a reasonable return as currently zoned, the hardship results from the unique characteristics of the property, the proposed use will not alter the essential character of the neighborhood and the hardship was not self-created (*see* General City Law § 81-b [3] [b] [i]-[iv]). Based upon our review of the record, we conclude that petitioners made a sufficient showing that the applicable statutory criteria had been satisfied and that respondent's contrary determination was wholly conclusory and not based upon a reasoned consideration of the evidence before it.

Unrefuted evidence established that the subject parcel has unique characteristics making any permissible construction on it difficult, if not impossible, namely, the presence of underground caves and cellars, 25-foot high stone walls on certain sides and steep embankments on other sides (*see* General City Law § 81-b [3] [b] [i], [ii]; *see generally Matter of Eddy v Niefer,* 297 AD2d 410 [2002]; *Matter of North Shore Equities v Fritts,* 81 AD2d 985 [1981]). Petitioners also submitted competent evidence, which again went unrefuted (*see generally Matter of Eddy v Niefer, supra; Matter of North Shore Equities v Fritts, supra*), that the parcel does not have insurable, marketable title, that the parcel has no market value as a residential lot or other conforming use and that its only value is personal to petitioners as use as a parking lot (*see* General City Law § 81-b [3] [b] [i], [ii]; *compare Matter of Eck v City of Kingston Zoning Bd. of Appeals,* 302 AD2d 831 [2003]; *Matter of Park Hill Residents' Assn. v Cianciulli,* 234 AD2d 464 [1996]). Indeed, it is undisputed that the subject lot had been vacant for decades and had become a dumping ground for garbage and debris before petitioner purchased it and cleaned it up.

There was general opposition to petitioners' application on the ground that the use of the parcel for a parking lot would be incompatible with the residential zoning of the neighborhood. This opposition, without more, was insufficient to deny the variance since petitioners have been parking their fleet of buses on the adjoining property for decades and, hence, its presence one lot over would not be foreign to the neighborhood (*see* Gen-

eral City Law § 81-b [3] [b] [iii]; *see generally Matter of Burke v Denison*, 203 AD2d 642 [1994]; *Matter of North Shore Equities v Fritts, supra*). To this end, evidence was presented that parking the buses on this alternative location will actually make them less conspicuous overall. Moreover, photographs of the neighborhood belie the concerns that permitting this expanded use on the subject parcel would, in fact, alter its essential character.

With respect to the self-created hardship factor, it is unclear whether Allen knew that a use variance was required when she acquired the property. The record does reveal, however, that Allen explicitly indicated in her bid application to the City that she intended to use the vacant lot for parking purposes, that the City authorized its sale with a specific reference to this intended use and that the City had been ready and willing to sell it to a nearby church in 1997 for such use (*see* General City Law § 81-b [3] [b] [iv]).* Indeed, according to Allen, she went through with the purchase in reliance on these facts and only then expended nearly $27,000 in renovating the lot.

Under all these circumstances, we find that Supreme Court's judgment granting the petition should be affirmed.

Spain, J.P., Mugglin, Rose and Lahtinen, JJ., concur. Ordered that the judgment is affirmed, with costs.

---

* This transaction never took place because the church did not have the financial means to renovate the parcel to accommodate its use as a parking lot.